At Term beginning First Monday of November, 1901.

HON. FRANCIS T. NICHOLLS, *Chief Justice.*

HON. JOSEPH A. BREAUX,

HON. NEWTON C. BLANCHARD,

HON. FRANK A. MONROE,

HON. OLIVIER O. PROVOSTY,

*Associate Justices.*

No. 14,359.

TEXAS AND PACIFIC RAILWAY COMPANY VS. T. J. WILSON AND J. J. O'BEIRNE.

### SYLLABUS.

Where, in an expropriation proceeding, it is manifest that the amount allowed is either insufficient or excessive, it will be increased or reduced as the case may be. But, as the questions of value and of damage are required by law to be submitted to a jury composed of citizens having peculiar knowledge of the subject, the conclusion reached by them ought not to be disturbed save in a perfectly plain case.

APPEAL from the eleventh judicial district, parish of Red River— Porter, J.

*Wise & Herndon* and *Wilkinson & Carter,* for plaintiff, appellant.

*Alexander & Wilkinson,* for defendant, appellee.

The opinion of the court was delivered by

MONROE, J.  The plaintiff, claiming under the authority of certain acts of incorporation passed by the congress of the United States and by the general assembly of Louisiana, and of the general laws of Louisiana, alleges that it is engaged in building a branch railroad from, or near, Natchitoches, to, or near, Shreveport, and that it is necessary for that purpose to expropriate a right of way through certain lands, owned by the defendants, in the parish of Red River, which are described in the petition, and it prays that, after the necessary proceedings, there be judgment accordingly.  The defendants, after a general denial and admission of ownership, answer that the land sought to be expropriated will amount to ten acres, and that it is worth $100 per acre; that the proposed road will cut off from the main body five other acres, of a like value, and render the same useless; that it will bi-sect their plantation, diagonally, and render necessary a readjustment of the roads, ditches and cuts, thereby inflicting injury to the extent of $500; that it will render access to the different parts of the plantation inconvenient, thereby inflicting injury to the extent of $500; that it will injure the drainage and necessitate the cutting of other and larger drains, involving damage to the extent of $800, or more; that it will demoralize the labor and afford means of access to tramps, etc., inflicting a further damage of $800; and that the defendants will suffer loss to the extent of $500 by reason of temporary inconvenience and annoyance resulting from the work of construction.  They therefore pray that the plaintiff's demand be rejected, or, in the event of the rendition of a judgment of expropriation, that they be awarded $4300, as the value of the property to be taken and of the damage to be sustained.  A jury of freeholders of the vicinage found a verdict expropriating the land described in the petition and allowing the defendants $50 per acre therefor, together with $250 as damages, and their verdict was made the judgment of the court.  The plaintiff has appealed, and the defendants have answered praying for an increase in the amount allowed, but have, since, abandoned their demand and now content themselves with asking that the judgment appealed from be affirmed.

The right of the plaintiff to expropriate and the necessity for expropriation were not seriously disputed in the district court and are not disputed here; the only point of difference between the litigants being as to the value of the land and the question of damages.  The two defendants testify that the land is worth $100 an acre; one witness, sworn

Railway Co. vs. Wilson and O'Beirne.

on their behalf, testifies that it is worth from $40 to $60, and two other witnesses, that it is worth $50 an acre. And this testimony is supported by that of the others to the effect that the rental value of the land is from $5 to $6 an acre. Upon the other hand, it appears that the purchase price of the plantation of which the land in question forms a part, and which has recently been acquired, was $10,000; that the plantation contains about 400 acres, of which, say, 225 acres are cleared, and the rest timbered; and that the timbered land is worth from $10 to $15 an acre, from which it follows that, for the purposes of the purchase, the open land was valued at, say, $32 or $37 an acre, as we adopt the one or the other of the figures given as the value of the timbered land. And there are seven or eight witnesses sworn on behalf of the plaintiff, who give testimony tending to show that it is worth from $25 to $35 an acre. This testimony cannot be said, however, to justify the belief that a few acres can be bought at the same rate as a large tract. In fact, one of the defendants' witnesses, who owns, or is part owner in, 14,000 acres in that section, whilst expressing his willingness to sell the whole at $30 an acre, says that he does not care to sell a small quantity at all, from which it may be inferred that he would not consider $50 an acre too much to ask for any particular ten acres of the open land that a bidder might want to buy. It is also to be taken into consideration that, whilst the witnesses for the plaintiff are in the majority and appraise the land in question somewhat lower than the witnesses for the defendants, the case was tried by a jury of experts, the weight of whose verdict is to be added to the testimony of the defendants' witnesses. It is no doubt true that, where, in a case such as this, it is manifest that the amount allowed is either insufficient or excessive it will be increased or reduced as the case may be. Morgan's La. & Tex. R. R. Co. vs. Barton, 51 Ann. 1338; R. R. Co. vs. Development Co., 52 Ann. 535; Abney vs. Railway Co., 105 La. 446.

But, as the questions of value and of damage are required by law to be submitted to a jury composed of citizens having peculiar knowledge of the subject the conclusions reached by them ought not to be disturbed save in a perfectly plain case. Telegraph Cable Co. vs. Railway Co., 43 Ann. 522; R. R. Co. vs. Rabasse, 44 Ann. 178; R. R. Co. vs. McNeely, 47 Ann. 1298; R. R. Co. vs. Morere, 48 Ann. 1273; Telegraph Co. vs R. R. Co., 49 Ann. 58; K. C. S. & G. R. R. Co. vs. Smith, 51 Ann. 1079. And we are not prepared to say that the case now before us is of that class. The judgment appealed from is, therefore, affirmed.