On Rehearing.
(June 30, 1904.)
NICHOLLS, J.
The Orleans Levee Board urges earnestly that this court has erred in setting aside the verdict of the jury as to value, and ,increasing the amount awarded to the defendants. They press upon us the following considerations:
(1) The decision of the court in Texas & Pacific R. R. v. Wilson & O’Beirne, 108 La. 1, 32 South. 173, and the authorities therein cited, to the effect that in matters of expropriation the conclusions reached by the jujy as to value should not be disturbed, save in a perfectly clear case.
(2) The assessed valuation of the property, which was $10,000 for both pieces.
(3) The testimony of Peter Gallagher, the sworn expert of the Orleans Levee Board, who fixed the value of the property at $17,-500.
(4) The valuation placed upon the property by the Orleans Levee Board itself, composed of nine members.
(5) The opinion of Mr. Leonard L. Stern, an expert testifying for the defendants, who testified as follows:
“Q. You don’t mean to swear that the property put up at auction would bring $25,000?
“A. Not to-day.
“Q. Would it bring $20,000?
“A. Not in the condition it is.
“Q. Would it bring $15,000?
“A. I don’t think there would be a sale for it at all to-day.
“Q. Why?
“A. The property is down in a hollow behind an embankment.”
On the part of the owners it is urged that the property has steadily, for a great number of years back, been leased at $1,960 per year; that the building which will have to be torn down has been recently repaired and placed in condition for same continued rental in the future. It is urged that the district judge, though he did not set aside the award of the jury, expressed his opinion that the amount awarded was too small. It is also contended that the valuation placed upon the property for taxation purposes and in succession matters should not be considered in matters of expropriation; that in matters of that kind the owner should receive just compensation, whatever that amount should be found to be by the testimony.
We have given this matter our most serious consideration.
We have repeatedly announced, as plaintiff says, a reluctance to go behind the award of the jury. In this particular instance it is to be noticed that the plaintiff is not a railroad or other corporation, to whom the power has been delegated to exercise the right of eminent domain, actuated to a great extent for the purposes of private gain, but by the state itself, solely in the interest of the gen *133 eral public and tbe protection of tbe property or tbe rights of citizens. It is further to be observed that the plaintiff in this ease is a levee board acting for the prevention of overflow, the property sought to be expropriated being property which until very recently, and when acquired by the defendants, being subject to a servitude for levee purposes without compensation. It is said that the smallness of the valuation placed upon the property for taxa•tion ought not to enter into consideration as a factor in this ease, but we think otherwise in this particular class of cases. The defendants have for a number of years past escaped their proper extent of contribution for tax purposes, and the state has lost to that extent. There may have been no element of moral wrong in this particular case, but certainly when the state herself comes to claim what rightly belongs to her, as she does now in the case at bar, we scarcely think it lies in the mouth of the owners to say that the matter of assessment is not a matter to be taken into view. If the owners for these many years have with propriety paid taxes upon a valuation of $10,000, we are of the opinion that valuation plays a very important part in this matter. If the valuation stated was the proper standard by which the owners should pay money to the state, it certainly should not be ignored when they call upon the state to pay money for it.
Taking into consideration all the facts of this particular case, we think it one where we can and should accept as correct the award of the jury.
For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment of this case heretofore rendered by us be amended so as to conform, as to the amount, to the award made by the verdict of the jury, and, as so amended, the judgment remain unchanged.
BREAUX, O. J., dissents.