No. 9838.

New Orleans and Gulf Railroad Company vs. Michael Frank.

Where the charter of a railroad company requires that the stock shall be paid for in cash, and that no certificate shall issue until such payment is made, it is a sufficient compliance with the statute prescribing that the charter of such companies must set forth " the time when and the manner in which " the stock shall be paid for.

In an expropriation proceeding for a right of way the verdict of a jury of the vicinage, composed of land-owners, and presumed to be familiar with the value of the land sought to be expropriated, will not be disturbed by this Court, unless it is found to be inconsistent with the proof in the record, or entirely unsupported by evidence.

Railroad Company vs. Frank

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais, J.*

*E. Howard McCaleb* and *White & Saunders* for Plaintiff and Appellee:

1. The existence of a corporation or its right to exercise corporate powers, can only be questioned by the State in a direct action. Rev. Stats., sec. 2593; 5 Ann. 179; 18 Ann. 677; 24 How. 278; Field on Corporations, sec. 493.

2. The general laws of the State enter into and form a part of the charter. Abbott's Dig. of Corporations, vol. 1, p. 445, No. 6.

3. When no term for the performance of an obligation is fixed it may be executed immediately. Rev. C. C. 2050.

4. The jury of freeholders in expropriation cases are regarded as experts. 12 Ann. 503. They may rely on their own opinions. Mill's Eminent Domain, sec. 248. 3 Yerg. 423.

5. In an appeal from a judgment founded on a verdict of a jury, failure to make application for a new trial is good reason for affirming the judgment. 15 L. 456; 10 Ann. 91; 17 Ann. 78.

6. Damages may be compensated by benefits and advantages to be derived from the construction of the railway. N. O. Pacific R. R. vs. Murrell, 34 Ann. 536; N. O. Pacific R. R. vs. Gay, 31 Ann. 430; V. S. & T. R. R. vs. Calderwood, 15 Ann. 481; Opelousas R. R. vs. Lagarde, 10 Ann. 150.

*James Wilkinson* and *H. C. Cage* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. From a judgment granting the right of way to the plaintiff company through defendant's plantation, and awarding $200 for the value of the same, the defendant has appealed.

There was an exception filed to the proceeding to the effect:

"That the charter of the company does not comply with the law, as it does not set forth 'the time when and the manner in which the stock shall be paid for.'"

The charter is before us, and it does require that the stock shall be paid for in cash, and that no certificate of stock shall issue until this payment is made.

In our view, this is strict compliance with the statutory requirements. B. and O. Telegraph Co. vs. Morgan's L. and T. R. R. Co., 37 Ann. 883.

The exception was properly overruled.

In expropriation proceedings we place great reliance upon the verdict of the jury. Being taken from the vicinage, and land-owners themselves, and presumed to be thoroughly acquainted with the character of the land and its value, a court should not disturb the

estimate of value fixed by the verdict, unless it is found inconsistent with or entirely unsupported by the evidence.

We have examined the record carefully and find the usual conflict that characterizes cases of this kind, but this review satisfies us that the verdict was justified by the proof.

Judgment affirmed.