### No. 11,742.

### THE STATE OF LOUISIANA VS. BEN. BRODDEN.

The defendant complained (1) of the want of time to prepare his defence, (2) and to summon his witnesses, (3) and that the twenty-four in number, from among whom the grand jury was selected were not qualified electors, (4) and that the terms of court were not fixed as required by law.

The case was reassigned by consent and tried two days prior to the day at first set by the court.

No bill of exception was taken to the refusal to grant time to summon three absent witnesses.

The prosecuting officer, as authorized by Act 84 of 1894, admitted that if two of the absent witnesses had been present they would have testified as stated in the affidavit for a continuance.

After the admission had been made the case was proceeded with and tried without objection, thereby rendering it impossible to sustain the objection made on appeal.

The grand jury was composed of qualified electors.

Objection was urged to one of the twenty-four men from which the grand jury was drawn. He was not one of the grand jurors. Those who constituted the grand inquest were electors.

The evidence regarding the term of court does not show that the required three weeks had not elapsed since the beginning of a term of court in the district preceding that at which the defendant was found guilty.

APPEAL from the Seventh Judicial District Court, Parish of Madison. *Montgomery, J.*

---

*M. J. Cunningham*, Attorney General, and *Joseph E. Ransdell*, District Attorney, for Plaintiff and Appellee.

---

*William S. Holmes* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.   The defendant was indicted. for murder.

He was tried in January last and found guilty.

From the verdict and sentence of the court he has appealed.

He alleges as errors:

1. The refusal to grant him a continuance, as he did not have time to properly present his defence and because three of his witnesses were absent.

2. The overruling of his motion to quash the indictment, on the ground that the twenty-four men who constituted those from which the grand jury was drawn were not selected from among the qualified electors, should have been sustained.

3. He also sets forth in another motion to quash that the terms of court as held and fixed by order of court were illegal.

· 1. The facts upon which the first point presented is grounded are, that the counsel appointed by the court to defend the accused was appointed on the 22d and the case fixed for trial on the 24th.

The minutes show that on the 24th the case was refixed by the court for Monday, the 28th January, 1895; but that by agreement of counsel for the State and defendant, the case was taken up for trial on Thursday, the 25th.   Moreover, no bill of exception was taken to the action of the court refusing a continuance.

It is well settled that, without a bill of exceptions, this court will not review the decision of the court below, refusing a continuance.

With reference to the absence of witnesses, the facts are that in his motion for a continuance the defendant alleged that three of his witnesses could not be found.

The record does not disclose that any application had been made to have these witnesses summoned; the affidavit for a continuance on the ground of their absence does not set forth that diligence the law requires.

In addition it was admitted by the District Attorney that two of these witnesses would swear to the facts set forth in the motion for a continuance.

After that admission had been made the case was tried without further objection.

The court would not be justified in assuming that the admission was not made in accordance with requirement of Act 84 of 1894, relative

to admitting the testimony of witnesses if present to testify, in the absence of objection in the lower court.

2. The fact is, with reference to the motions to quash the indictment, that they were filed after the accused had been arraigned and pleaded to the indictment.

The application on the part of the defence should be made before plea pleaded.

But in this case we have examined the points urged without regard to the time these motions were filed.

On the trial of the first motion to quash, it was admitted that one of the twenty drawn to complete the grand jury was not a naturalized citizen, but had filed his declaration to become a citizen. He was not one of the sixteen who composed the jury.

The error committed, if error was, did not prejudice defendant's case. The jurors by whom the indictment was found were competent. Unless, perhaps, in a case of abuse of power, such a defence is of no avail on appeal.

3. The proof regarding the motion to quash, on the ground that, under Act 152 of 1894, the terms are illegal, consists of an admission that three weeks had not elapsed from the date of the adjournment of the court in the parish of East Carroll to the convening of the court in the parish of Madison.

The admission does not prove that the law has been disregarded in fixing the days of the different terms of the district. The day of the opening of the court's term, and not the date of closing, has engaged legislative attention. An abstract from that act reads: " And in districts composed of three or more parishes shall *begin* on days at least three weeks apart."

This act has no reference whatever to the *adjournment* of courts, and to the time that should elapse after adjournment.

A jury has condemned this defendant to suffer the extreme penalty of the law.

On appeal, the record discloses that the forms of law have been followed, and the defendant proceeded against according to lawful rules of procedure. This being the conclusion, it remains for us to affirm the finding of the court below.

It is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment of the court are affirmed.