(65 South. 638)

No. 20294.

YAZOO & M. V. R. CO. v. LONGVIEW SUGAR CO.

(May 25, 1914.)

*(Syllabus by the Court.)*

1. EMINENT DOMAIN (§§ 171, 223, 254*)—EXPROPRIATION — CONDEMNATION PROCEEDINGS —DEFENSES—RIGHT OF APPEAL.

In an expropriation suit, the law gives the owner of the property the right to contest the right of the plaintiff to the quantity of land sought to be expropriated, and, if the jury decides in favor of plaintiff and fixes the amount of land to be taken, it must also allow the owner the value of the land with damages; and the right of appeal is given to both parties.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 468, 469, 568–573, 665; Dec. Dig. §§ 171, 223, 254.*]

2. EMINENT DOMAIN (§ 254*)—CONDEMNATION —RIGHT OF APPEAL.

This right to be heard on appeal is given to the owner, although the plaintiff, over the protest of the owner, has entered upon defendant's land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 665; Dec. Dig. § 254.*]

3. EMINENT DOMAIN (§ 196*)—CONDEMNATION —BURDEN OF PROOF.

The burden is on the plaintiff corporation to prove the necessity of expropriating property selected by it.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 529–534; Dec. Dig. § 196.*]

4. EMINENT DOMAIN (§ 124*)—CONDEMNATION —COMPENSATION.

In an expropriation suit for railroad purposes, the market value of property taken, viewed both with reference to its use at the time, and with reference to the usage to which it is plainly adaptable, will be considered in fix-

ing the value of the land. 2 Dillon on Mun. Corp. p. 617.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. § 124.*]

5. EMINENT DOMAIN (§ 130*)—CONDEMNATION —COMPENSATION.

"A 'strategetic value' might be realized by a price fixed by the necessities of one person buying from another, free to sell or refuse as the price suited. But in a condemnation proceeding the value of the property to the government for its particular use is not a criterion. The owner must be compensated for what is taken from him; but this is done when he is paid its fair market value for all available uses and purposes." U. S. v. Chandler-Dunbar Co., 229 U. S. 53, 80, 33 Sup. Ct. 667, 678, 57 L. Ed. 1063.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 352, 354, 355; Dec. Dig. § 130.*]

6. EMINENT DOMAIN (§ 134*)—CONDEMNATION —COMPENSATION.

Compensation cannot be recovered for the "adaptability" of a strip of land expropriated by a railroad company, where such strip is like the other land on a plantation, and is not a high ridge running through a swampy place, or is more level than other places, or has some special or material advantage for the purpose to which it is to be put. Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Y. & M. V. R. R. Co. v. Teissier, 134 La. 958, 64 South. 866, 928.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; C. T. Wortham, Judge.

Action by the Yazoo & Mississippi Valley Railroad Company against the Longview Sugar Company. From judgment for each party in part, plaintiff appeals, and defendant takes a devolutive appeal. Amended and affirmed.

Guion, Lambremont & Hebert, of Lutcher (Hunter C. Leake, of New Orleans, of counsel), for appellant. Louis Le Bourgeois, of Convent, Pugh & Lemann, of Donaldsonville, and Teissier & Teissier and Burt W. Henry, all of New Orleans, for appellee.

SOMMERVILLE, J. The plaintiff corporation is now, and has been for a long term of years, operating a railroad in this state, passing through the parish of St. James, wherein the property of defendant is located. It alleges that owing to the building of a new levee paralleling the present levee along the Mississippi river in said parish, made necessary by caving banks on property located above that of defendant, that it has become necessary to remove its tracks, and to relocate its roadbed by constructing another roadbed, as shown on a blueprint, plan, or diagram attached to the petition. The map embraces the property of defendant, together with that of other owners above defendant, over whose plantations or sugar cane fields the newly located roadbed and tracks are placed. It further alleges that it is necessary to expropriate a certain portion of defendant's property, sufficient for its roadbed.

Defendant filed certain exceptions, which were overruled; and they are not urged now.

Defendant denies that plaintiff is compelled to remove and locate its present roadbed and tracks on and over the plantation owned by it, and that the line proposed by plaintiff is the only feasible and practicable line to be followed, and it alleges that the expropriation of any of its property would be an arbitrary taking of its property without due process of law. It further alleges that the plaintiff now enjoys, and has enjoyed for thirty years, a right of way over defendant's property for a distance of about 3,500 feet, which affords every facility for the proper handling of its trains; that a new levee has been built in front of defendant's plantation, and outside of the present roadbed and tracks of plaintiff; that plaintiff's present roadbed is equipped; and that there is no public necessity whatever for the expropriation of any of defendant's property.

In the alternative, defendant pleads, if it should be found necessary that plaintiff should expropriate any of its property, that

such right be limited to the least quantity; and it indicates a small piece of land, triangular in form, with a base not exceeding 200 feet, and an altitude not exceeding 500 feet, amounting to a total area of about 50,000 square feet, or 1.14 acres, which is described in the answer as being sufficient for plaintiff's uses, and for which it asks that plaintiff be condemned to pay $500.

Again, in the alternative, defendant pleads that, if plaintiff is allowed to expropriate the land described by it in its petition, that it (defendant) be awarded for said land, and for damages arising from the expropriation and use of said land, the sum of $5,190.53.

There was judgment in favor of plaintiff, based upon the verdict of the jury in favor of plaintiff, recognizing that it was entitled to expropriate the right of way prayed for in its petition, and in favor of the defendant, and against the plaintiff, in the sum prayed for in defendant's answer; costs to be paid by plaintiff.

Plaintiff appeals; defendant also took a devolutive appeal. Plaintiff has moved to dismiss the appeal of defendant. It is unnecessary to dispose of this motion, for the reason that defendant has answered the appeal of plaintiff, and has asked for an amendment of the judgment in respect to those parts whereof it complains. These matters are set up in the pleadings, and they will be disposed of in the opinion of the court.

[1-3] It is argued on behalf of plaintiff that, it having appealed from the judgment, and having deposited the amount of the verdict with the sheriff of the court, as it had a right to do, and having entered upon the land of defendant and constructed its tracks, over which it is operating its cars, that the court cannot review the verdict of the jury in so far as it is in favor of plaintiff in giving it the right of way over defendant's plantation; and it cites the cases of St. Julien, 35 La. Ann. 924, and others. But those cases

135 LA.—18

are without application here. This defendant has not stood idly by and permitted plaintiff to put its roadbed and tracks over its property without contesting its right to do so. Defendant is now before the court vigorously objecting to the expropriation of its property by plaintiff, and it has a right to do so under the law. The question is a judicial one, where the owner resists. Civil Code, 2636, etc.; State ex rel. New Orleans v. Ellis, 113 La. Ann. 555, 37 South. 209; N. O. Terminal Co. v. Firemen's Charitable Ass'n, 115 La. Ann. 442, 39 South. 437; Lecoul v. Police Jury, 20 La. Ann. 308. The article of the Code just referred to specially says that the owner whose property is sought to be expropriated may file a special plea alleging that the land sought to be purchased by any corporation exceeds that which is reasonably necessary for the purpose intended by the company, which now and always is subject to the decision of the Supreme Court on appeal.

The first law of society being that the general interest shall be preferred to that of individuals, every individual who possesses, under the protection of the laws, any particular property is tacitly subjected to the obligation of yielding it to the community, wherever it is necessary for the general use. C. C. 2626. And the law specially gives to railroad corporations, constituted under the laws of this state, the right to expropriate property necessary for their use. But defendant contends that plaintiff is now in possession of a roadbed, and has been operating its railroad over defendant's plantation for the past thirty years, and that the cause urged by plaintiff in its petition does not make it necessary for plaintiff to abandon its present location and relocate its railroad along the line sought for in this case. The evidence is very clear and positive that plaintiff was compelled to abandon its roadbed for some distance above defendant's plantation, as it

is actually outside of the new levee which has been built to protect the adjacent lands from overflow of the Mississippi river. It is further in evidence that the roadbed on the adjacent plantations is too close to a portion of the newly built levee, and that other levees will have to be built in the near future which will place a long stretch of plaintiff's roadbed outside of the levee. The evidence also shows that in rearranging and reconstructing its roadbed plaintiff has selected a straight line over and through the plantations adjacent to defendant's property, which right of way it appears to have acquired by agreement, or otherwise. We take notice of the fact that plaintiff has acquired the right of way over the Frey plantation, as it was so decided by us in the case of the present plaintiff against said Frey, recently decided. This brings the present line of the railroad almost to the upper end of defendant's plantation, under which circumstances it appears to be very necessary for plaintiff to reconstruct its roadbed in a straight line across defendant's plantation, so as to connect with its present roadbed on or near the lower line of defendant's property. Otherwise, plaintiff would be compelled to make a long curve on defendant's property, or on the property of some other person close by, which would prove more detrimental to the railroad company and to the property which would be crossed over than will be the straight line selected by plaintiff.

The jury has found that it was necessary for plaintiff to take defendant's property for its use, and the trial judge approved the verdict. The finding will not be disturbed.

Defendant has suggested and argued that plaintiff might have so transferred its roadbed to a line suggested by it (defendant) running diagonally through the plantations of adjacent owners on the north side of its plantation, which would have rendered it unnecessary for plaintiff to have taken more than a small triangle of its property, containing about 1.14 acres, and valued at $500. But we have seen that the plaintiff has already acquired one right of way over the adjacent pieces of property, and, besides, the line suggested by defendant would be rather close to the present new levee, and very close to the levee which the state engineer testifies will have to be built in the near future. Under such circumstances, plaintiff might be compelled to remove its roadbed again very soon, with great loss to itself, and with inconvenience to those owners of land over which it would pass. We agree with the jury which tried the case that in a level country, such as is that of St. James parish, it is necessary for a railroad to run on a straight line, or as nearly straight as is practicable. This is evident and almost imperative.

[4, 5] Turning, now, to a consideration of defendant's claim for damages in the sum of $5,190.53, and for which amount the jury gave defendant a verdict, we find that it is not fully sustained by the evidence, and the amount will have to be reduced.

(1) The first item is the value of 4.39 acres, taken by plaintiff, and valued at $150 an acre. One witness testifies that, while plantation property in the neighborhood of the Longview plantation might be bought for about $50 or $60 an acre, he thinks that a strip for a right of way is worth from $100 to $150 for the naked land. This estimate appears to have been concurred in by most of the witnesses, and $658.50 will be allowed.

[6] (2 and 3) These claims are for what is termed adaptability and right of selection, or premium on selection, which were not allowed in a case similar to this one, recently decided by the court; and, for the reasons therein given, they will not be allowed here. Y. & M. V. R. R. Co. v. Teissier, Wife of Frey, 134 La. 958, 64 South. 866; Id., ante, p. 19, 64 South. 928.

(4, 7, 9, and 12) These items are not contested by plaintiff.

(5 and 6) These claims are for bridges and the building thereof, amounting to $324. Plaintiff admits that these items should be allowed for $248, and as that figure is in excess of the cost, according to the evidence of one of defendants' witnesses, it will stand.

(8, 11, and 13) These items are for labor, etc., in rearrangement of the lay of lands on each side of roadbeds, for 4.39 acres of cane standing in the field, and for damages caused by throwing up of roadbeds through cane, etc. These amounts will not be allowed, and a judgment of nonsuit will be entered as to them. The plaintiff had not entered upon defendant's property at the time of the suit, November, 1913, and it was not shown, and could not be, what amount of cane might be destroyed when it afterwards entered thereupon; the cane may have been cut by defendant before plaintiff entered upon the land. It is the same with reference to the rearrangement of the lay of the land, and the throwing up of a roadbed through the cane and forcing the hauling over turn roads. If plaintiff entered upon the land of defendant before the crop was harvested, and caused the expenses claimed by defendant, it, the defendant, should be permitted to make claim for same in another suit.

(10) This claim is for obnoxious seeds which may be scattered by the railroad company. The right will be reserved to defendant to make claim for any damage arising from such cause, if obnoxious seeds should be scattered and weeds grow and damage defendant's property.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended in the following respect: That the amount in favor of defendant and against plaintiff be reduced to $2,269.46, with interest.

It is further ordered, adjudged, and decreed that a judgment of nonsuit be entered in favor of defendant and against plaintiff in the sum of $1,366.60, for the items of damage claimed by defendant and indicated in the foregoing opinion. And as thus amended the judgment appealed from is affirmed; costs to be paid by plaintiff.