On Motion to Dismiss the Appeal.
O’NIELL, J.
The plaintiffs, Willis J. Roussel and Jasmin Feitel, filed a petitory action against the New Orleans Railway & Light Company, praying to be decreed the owners and put into possession of 10 lots of ground adjacent to the amusement park or resort known as Spanish Fort, in the city of New Orleans. The defendant railway and light company filed a general denial of the plaintiffs’ allegations, and, on the trial of the case, showed that another corporation, the Railways Realty Company, was in possession, by virtue of a recorded title, of the lands sued for. Thereupon the plaintiffs discontinued their suit against the New Orleans Railway & Light Company and, on the néxt day, filed a similar suit against the Railways Realty Company. Notice of this suit was recorded in the mortgage office, according to the provisions of Act No. 22 of 1904, on the 28th of October, 1910, the day the second suit was filed. The civil district court for the parish of Orleans rendered judgment against the plaintiffs, decreeing that the land belonged to the Railways Realty Company and maintaining their possession of it. On appeal, the judgment was reversed by the Court of Appeal, and it was then decided that the land belonged to the plaintiffs. The case was brought up to this court on a writ of review by the defendant, and the judgment of the Court of Appeal was reversed and that of the civil district court was reinstated, decreeing that the land belonged to the defendant Railways Realty Company. On rehearing, the judgment of the.civil district court and the original decree of this court were reversed, and the decree of the Court of Appeal was reinstated -and affirmed, recognizing the plaintiffs to be the owners of the land and entitled to have possession of it. The judgment on rehearing, putting an end to the contest between the plaintiffs and the defendant Railways Realty Company, was rendered on the 17th of March, 1913. See Roussel et al. v. Railways Realty Co., 132 La. 379, 61 South. 409, 833.
*619 In the meantime, tliat is, in April, 1910, an ordinance of tlie city of New Orleans was adopted, advertising for sale a franchise for the right of way and right to construct, maintain, use, and operate for the term of 50 years a double-track street railway on certain streets to Spanish Fort, with the privilege of expropriating and crossing private property whenever it might be deemed necessary or desirable to the purchaser of the franchise. This franchise was adjudicated to the New Orleans Railway & Light Company; a common carrier having the right of expropriation ; and on the 30th of July, 1910, the grant of the franchise to the railway company was confirmed by an authentic act. A few weeks later, the New Orleans Railway & Light Company commenced constructing its railroad through the streets of New Orleans to Spanish Fort. Finding it necessary to cross the land in contest in the suit of Roussel and Feitel against the Railways Realty Company, and assuming that the defendant owned the lan'd in its possession, the New Orleans Railway & Light Company obtained permission ' from the realty company to construct and maintain its railroad tracks and depot on the land. The work was completed in the early part of 1911, Spanish Fort was opened to the public as an amusement park in May of that year, and it has since been conducted as such every summer by the New Orleans Railway & Light Company.
Soon after the judgment on rehearing was rendered, that is, in April, 1913, the plaintiffs obtained a writ of possession, under which the sheriff undertook To evict the New Orleans Railway & Light Company from the land occupied by its railroad tracks and depot. Thereupon the New Orleans Railway & Light Company filed a petition, alleging the facts recited above, and alleging that the tracks were laid and constructed on the land in contest with the knowledge. and acquiescence of Messrs. Roussel and Feitel, and obtained from the civil district court a writ of injunction, restraining the sheriff and Messrs. Roussel and Feitel from disturbing the railroad tracks and depot. Messrs. Roussel and Feitel then obtained an order from this court, commanding the judge, sheriff, and clerk of the civil district court, and the New Orleans Railway & Light Company and its attorneys, to show cause why they shouid not be punished for contempt for hindering, interfering with, and refusing to execute the decree rendered by this court in the suit of Roussel et al. v. Railways Realty Co. After trial in this court, the rule nisi was recalled. See 133 La. 153, 62 South. 608. Roussel and Feitel filed an exception of no cause of action, and a motion to dissolve the Injunction, which was referred to the merits. They then answered the petition. And, after trial, judgment was rendered in favor of the New Orleans Railway & Light Company, perpetuating the writ of injunction. Messrs. Roussel and Feitel have appealed.
The appellee has filed a motion to dismiss the appeal on the ground that this court has not jurisdiction ratione materise.
[1, 2] In the petitory action of Roussel and Feitel against the Railways Realty Company, it was alleged that all of the property in contest was worth less than $2,000, and the appeal was taken by the' plaintiffs to the Court of Appeal. They had paid only $80 for all of this land, and only a comparatively small portion of it is in contest in the present appeal. The defendants in these injunction proceedings, Roussel and Feitel, tendered several real estate dealers as. witnesses to prove that the land in contest in these’ proceedings was worth more than $2,-000 at the time of the trial of the injunction suit. On objection by counsel for the plaintiff in injunction, the evidence was excluded. The ruling was an error. The defendants in this injunction suit had the right to prove that the portion of land in contest was worth *621 more, at the time of tlie trial of tills case, tlian all of their land was worth when the petitory action was filed. However, the. appellants have filed affidavits showing that the portion of the land in contest is; now worth |15,000 or more. Under an express provision of article 85 of the Constitution, this court has original jurisdiction to determine questions of fact affecting its jurisdiction in any case pending before it. We conclude that the value of the land in contest is now worth more than $2,000.
The motion to dismiss the appeal is over-' ruled. . .