(70 South. 921)

No. 21714.

NEW ORLEANS RY. & LIGHT CO. v. LA-VERGNE et al.

(Jan. 10, 1916. On the Merits, Jan. 24, 1916. Rehearing Denied Feb. 21, 1916.)

*(Syllabus by the Court.)*

On Motion to Dismiss Appeal.

1. EMINENT DOMAIN ☞254—EXPROPRIATION PROCEEDINGS—APPEAL—DISMISSAL—BOND.

Where, in a petitory action against a railway company, the plaintiffs obtain a judgment entitling them to be put in possession of the land claimed by them, but fail to execute the same, and allow the company to remain in possession pending a suit brought by it for the expropriation of the land, and the company is allowed an appeal (not suspensive) upon a bond, the amount of which is fixed by the trial judge at $100, from a verdict and judgment decreeing the land to be "expropriated and adjudged to plaintiff * * * upon the payment by it to defendants of the sum of $25,000," the appeal will not be dismissed, upon the ground (alleged in the motion) that plaintiff, having failed to deposit the $25,000 in court, should be required to give bond in that amount or exceeding that amount by one-half, or upon the ground (argued in the brief, but not alleged in the motion) that the company, having taken possession of the land without first making just and adequate compensation, is not entitled to an appeal.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 665; Dec. Dig. ☞254.]

2. EMINENT DOMAIN ☞254—EXPROPRIATION — APPEAL — DISMISSAL — ACQUIESCENCE IN JUDGMENT—COMPROMISE.

Nor in such case will the appeal be dismissed on the ground of the acquiescence of the plaintiff in the judgment appealed from, predicated upon an alleged compromise between it and certain coappellees of the movers, in fraud of the movers' rights, when it appears from the face of the record, according to movers' own allegations, that the attempt to effect a compromise was defeated by the outbreak of a litigation between the movers and their coappellees concerning their respective interests in the land, as a result of which the expropriation suit was instituted against all the litigants, and by the judgment in which each litigant is to get his share of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 665; Dec. Dig. ☞254.]

On the Merits.

3. STATUTES ☞110½—TITLE AND SUBJECT-MATTER—EXPROPRIATION PROCEEDING.

Although it may be said that the title of Act No. 80 of 1908, "An act relating to the ex-propriation of property for the purpose of street, urban or interurban electric railways," expresses the subject, rather than the object, of the law, this court adheres to the opinion, expressed with reference to many such titles, that this is a substantial compliance with the constitutional requirement that the object of every statute shall be expressed in its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 139, 161–163; Dec. Dig. ☞110½.]

4. EMINENT DOMAIN ☞262—EXPROPRIATION PROCEEDINGS—APPEAL—VERDICT.

Where the plaintiff in an expropriation suit has made a prima facie showing that all of the land sought to be expropriated is necessary for railway purposes, and the defendant has not offered any evidence in support of his contention that the area is greater than is necessary for railway purposes, the verdict of the jury condemning all of the land will not be disturbed on appeal.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. ☞262.]

5. EMINENT DOMAIN ☞263—EXPROPRIATION PROCEEDINGS—EXCESSIVE AWARD—REDUCTION ON APPEAL.

Where the amount of compensation allowed the defendant by the jury in an expropriation suit is manifestly excessive, it should be reduced on appeal to conform with the evidence in the case.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 687; Dec. Dig. ☞263.]

6. EMINENT DOMAIN ☞124—EXPROPRIATION PROCEEDINGS—VALUE OF PROPERTY.

Where a railway company has appropriated a tract of low vacant land, and has improved it by filling and raising the level of the ground and by constructing valuable buildings upon it, and thereafter the railway company sues to expropriate the property, the value of the land is to be taken as of the date of filing the expropriation suit, without regard for the buildings constructed by the railway company.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. ☞124.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the New Orleans Railway & Light Company against Albert Lavergne and others. From the judgment, plaintiff and certain defendants appeal. Modified and affirmed.

McCloskey & Benedict, of New Orleans, for appellant New Orleans Ry. & Light Co. Lyle Saxon and Wm. Winans Wall, both of New Orleans, for appellants Roussel and Fietel. Emmet Alpha, of Franklin, and C. L. Johnson and E. Howard McCaleb, both of New Orleans, for appellees Lavergne heirs. Richard Lyons, of New Orleans, for appellee Dayries.

### On Motion to Dismiss Appeal.

MONROE, C. J. Plaintiff brought this suit for the expropriation of certain lots of ground, and prosecutes the appeal from a judgment decreeing said lots "to be expropriated and adjudged to plaintiff, * * * for its use and purposes, upon the payment by it to defendants * * * of the sum of $25,000, in accordance with law, as their interests may hereafter be determined." Plaintiff moved for and was granted "an appeal * * * upon its furnishing bond, conditioned as the law directs, in the sum of $100."

The motion to dismiss is predicated upon the grounds:

(1) That plaintiff, having failed to deposit in court the $25,000 at which the property to be expropriated has been valued in the verdict and judgment appealed from, is not entitled to an appeal on a bond for costs, or for $100, but should have furnished a bond for the amount called for by the judgment or for one-half over and above that amount.

(2) That plaintiff has acquiesced in the judgment sought to be appealed from, in this, that movers are informed and believe that it has compromised the matter in dispute with movers' coappellees, Jasmin Feitel and Willis J. Roussel (the last named acting individually and as administrator of the succession of movers' ancestor, Nicholas Lavergne, and of Allen Lavergne)—

"for the sum of $30,000, to be paid to said Roussel and Feitel * * * for the property sought to be expropriated; * * * that said Roussel and Feitel and said * * * company entered into a conspiracy * * * to defraud your movers of their rights in and to said compromise and in and to the amount of said verdict and judgment, whereby the said Roussel and Feitel are to receive from the said * * * company the full amount of said verdict and judgment and any excess thereon as compromised, irrespective of what may be finally adjudged in the case on appeal; that the question of title to the property * * * and * * * of the interests of the several codefendants therein, and of the title to said fund and the amount of said verdict and judgment, is in controversy between said Roussel and Feitel, on the one side, and your movers, on the other side, and accordingly movers aver that in law and equity, said compromise and adjudgment is, and has been, made for movers' benefit, and operates as an acquiescence in the verdict and judgment appealed from," etc.

[1] 1. The judgment appealed from does not condemn plaintiff to pay defendants $25,000, but merely makes such payment a condition precedent to the passing of the title to the property, which is in accordance with article 167 of the Constitution, declaring that:

"Private property shall not be taken nor damaged for public purposes without just and adequate compensation being first paid"

—and with C. C. 2634, and R. S. 702 and 1483, declaring that:

"Any appeal to the Supreme Court from the verdict of the jury and judgment of the lower court [in an expropriation case], made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof subject to the owner's order, in the hands of the Sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional assessment, or be entitled to recover back the surplus paid, as the case may be."

Defendants' counsel say in their brief:

"Considering article 167 of the Constitution, * * * and considering that plaintiff and appellant, prior to the appeal, has 'taken' the property sought to be expropriated, there can be no appeal or right of appeal, because of the failure to comply with the provisions of C. C. 2634; R. S. 702, 1483," etc.

But, while the law cited requires the payment of the amount of the judgment as a pre-

requisite to the taking of the property, and though such "taking," under the authority of the judgment, without the making of the payment, might be regarded as an acquiescence in the judgment which would cut off the right of appeal, defendants do not allege such taking as a ground for the dismissal of the appeal; the alleged acquiescence of plaintiff being attributed (in the second ground of its motion to dismiss) to altogether different circumstances.

It is true that it may be inferred from the record that plaintiff is in possession of the property, but, if that be the fact, it must also be inferred that it had been in possession long before this suit was instituted, and was allowed by defendants to remain in possession, though defendants, or those who were acting in their interest, had obtained a final judgment from this court, under which that possession might at any time have been ousted. Roussel et al. v. Railways Realty Co., 137 La. 616, 69 South. 27. It will be observed, too, in this connection, that plaintiff did not ask for, and was not granted, a suspensive appeal, and hence that, if defendants had the right to execute the judgment appealed from, they were not prevented by the appeal from exercising that right; and hence also, since the amount of the bond was fixed by the court, the appeal cannot be dismissed on account of its alleged insufficiency.

[2] 2. The record discloses the following offer made by defendants' counsel during the trial of this case, to wit:

"This witness [referring to W. J. Roussel] is tendered for the purpose of proving that the plaintiff company offered him and Mr. Feitel $20,000 for the ten lots in contest, together with the right to suppress a suit having reference to a street running through the property, and a suit for about $20,000 in rents, and this offer was to have been in complete compromise and settlement of whatever rights Roussel and Feitel then claimed as to the ten lots in contest and all other rights therein involved, and that the suit filed by the Lavergne heirs against Roussel and Feitel recently, and now pending before division D [of the civil district court] obstructed the proposition and prevented the compromise or purchase of their rights from going through."

After quoting as above from the record, counsel for plaintiff say in their brief:

"As a matter of fact, * * * a compromise was pending, but not on the terms alleged by movers up to the filing of the suit by the Lavergne heirs against Roussel and Feitel, by way of a petitory action, which is now on trial before division B of the civil district court; but a compromise was never carried through, for the reason stated by Mr. Alpha, as aforesaid. In fact, the filing of the above suit by the Lavergne heirs and the recording of lis pendens, in the mortgage office of this parish was the cause of the railway's company's bringing this suit against all parties claiming an interest in this property for the purpose of expropriating the same and putting an end to the litigation concerning the ownership of this property so far as the plaintiff railway company is concerned; and the counsel, writer of this brief, emphatically denies and states that there never has been an offer of compromise to any party in interest since the filing of this expropriation suit; that the allegations of the motion to dismiss the appeal are not warranted in fact or in law," etc.

Plaintiff having brought this suit against defendants, as owners of the property to be expropriated, and the question of the amount to be paid having been submitted to, and passed upon, by a jury and by the trial judge, and a judgment having been rendered to the effect that the property "be expropriated and adjudged to plaintiff * * * upon the payment by it to the defendants * * * of the sum of $25,000, in accordance with law as their interest may hereafter be determined," we are at a loss to understand how the interests of the defendants can be affected by any such compromise as is alleged in their motion; the more especially as, according to the averments of their counsel, such compromise was "prevented" by the suit brought by them against their coappellees, Roussel and Feitel, in which their respective interests in the property here in question are to be determined.

The motion to dismiss the appeal is therefore denied.

### On the Merits.

O'NIELL, J. In answer to the plaintiff's appeal, the Lavergne heirs pray that the judgment appealed from be reversed, if not to the extent of all of the land taken by the plaintiff, at least to the extent of the area within a certain loop embraced within the plaintiff's railway tracks, including lot No. 1, and the ends of the other nine lots. In the alternative, they pray that the judgment be affirmed.

The defendants contend that the Act No. 80 of 1908, under authority of which the plaintiff proceeded, is unconstitutional. They contend that the title, "An act relating to the expropriation of property for the purpose of street, urban or interurban electric railways," does not express the object of the statute; i. e., to authorize the expropriation of property for street, urban, or interurban electric railway purposes.

[3] Although the title of this statute expresses the *subject* rather than the *object* of the law, we adhere to the opinion, which has been expressed with reference to many such titles, that the Legislature has complied substantially with the requirement of article 31 of the Constitution that the object of every law shall be expressed in its title. See State v. Lacombe, 12 La. Ann. 196; State v. Henry, 15 La. Ann. 297; State v. Taylor, 34 La. Ann. 978; State v. Dubois, 39 La. Ann. 677, 2 South. 558; State v. Breeden, 47 La. Ann. 375, 17 South. 125; State v. Ackerman, 51 La. Ann. 1222, 26 South. 80.

[4] As to the necessity of expropriating all of the ten lots, the only testimony before us is that of the two civil engineers and of the superintendent of tracks of the railway company, all of whom testified that the ten lots are necessary for approaches, turnouts, parking of cars, etc. The defendants offered no evidence whatever in support of their contention that the land in controversy is of greater area than is necessary for the purposes of the railway; and we have no reason to amend the verdict of the jury or judgment of the district court in that respect. See N. O. Pacific R. R. Co. v. Gay, 31 La. Ann. 434; La. Ry. & Nav. Co. v. Xavier Realty Co., 115 La. 340, 39 South. 1; Y. & M. V. R. R. v. Longview Co., 135 La. 547, 65 South. 638.

[5] From the repeated decisions that the amount of compensation allowed by a jury in expropriation proceedings should not be reduced unless it is manifestly excessive (N. O. F. J. & G. I. R. R. v. McNeely, 47 La. Ann. 1298, 17 South. 798; T. & P. Ry. Co. v. Wilson, 108 La. 3, 32 South. 173; Shreveport v. Youree, 114 La. 184, 38 South. 135, 3 Ann. Cas. 300) it follows that the award should be reduced if it is manifestly excessive.

[6] The evidence in this case is that the land in contest was low marsh land of very little value until the plaintiff company filled and reclaimed it. Without the improvements built upon it by the railway company, but considering that it adjoins a pleasure resort and has railway facilities, it is now worth $8,000 to $10,000. With the improvements built upon it by the railway company, it is worth $15,000 to $20,000.

The jury should have allowed the defendants the market value of the land at the time this expropriation suit was filed, without regard for the improvements put upon it by the railway company. Although it may be said that, in view of the decision in Roussel et al. v. Railways Realty Co., 137 La. 616, 69 South. 27, as to the defendants Roussel and Feitel, the plaintiff was not in good faith in building the improvements on this land, that is a matter of no importance, since Roussel and Feitel have not appealed nor answered the plaintiff's appeal. The plaintiff was in good faith in its purchase and improvement of this land as to the defendants who had

not then asserted any claim to it. The question of good or bad faith, however, is a matter of no importance in this case, because the question of compensation for the improvements made by the railway company would have arisen only in the event the jury had decided that the land should not be expropriated and that the plaintiff should be evicted. In that event, if the improvements were made in good faith on the part of the railway company, the latter would have been entitled to compensation for them; and, if they were made in bad faith, the defendants would have had the option of paying for and retaining them or permitting the plaintiff to remove them.

Two real estate dealers as witnesses for the plaintiff and one as a witness for the defendants testified that the land in controversy was worth $8,000 to $10,000 when this suit was filed, exclusive of the buildings constructed on it by the railway company. The three other expert witnesses who testified in behalf of the plaintiff on this subject put a lower value upon the land.

The trial judge ruled correctly in sustaining the plaintiff's objection to the defendant Lavergne heirs' proving by the defendant Roussel what the plaintiff had offered as a compromise of the differences between the plaintiff and Messrs. Roussel and Feitel. Whether the evidence would or would not have been otherwise admissible, it was inadmissible in this instance, because the offer included, not only the proposed purchase price of the land, but also compensation for Roussel's and Feitel's abandonment of a large rent claim and other serious contentions.

We are constrained to hold that the amount of compensation awarded the defendants by the jury in this case is manifestly excessive, and we have concluded to reduce it to the amount of the most liberal estimate of the witnesses, that is, $10,000 as the value of the ten lots of ground at the time this suit was filed, without regard for the improvements built upon it by the plaintiff.

For the reasons assigned, the judgment appealed from is amended by reducing the amount of compensation to be paid by the plaintiff to $10,000, and, as thus amended, the judgment is affirmed. The plaintiff is to pay all costs in both courts.