On tbe Merits.
O’NIELL, J.
This is a petitory action to recover a tract of land alleged to be in tbe possession of tbe defendants. The plaintiffs claim title by inheritance, as the sole and only heirs at law of Nicholas Lavergne, Jr., Zenon Blaise Lavergne, Paulin Lavergne, and Mrs. Marie Enseli, née Lavergne, widow of Raymond Quintana, widow of - Ortis, and wife of Thomas Breau, who, tbe plaintiffs allege, were recognized as tbe only heirs at law of Nicholas Lavergne, only son of Jean Lavergne, and were decreed to be tbe owners of tbe land in question, in a certain suit entitled Lavergne’s Heirs v. Elkin’s Heirs, reported in 17 La. 220.
Tbe defendants filed four exceptions to tbe petition, viz.: (1) That, if tbe plaintiffs bad a cause of action, which was denied, it should be brought through tbe administrator of tbe succession of, Nicholas Lavergne, Jr., et al. under administration . as No. 92924 of tbe docket .of the civil district court; (2) that the defendants were not in actual possession of tbe land sued for; (3) that plaintiffs’ demand was barred by tbe prescription of 3, 4, 5, 10, and 30 years; (4) that tbe petition disclosed no cause of action.
On tbe day after this suit was filed tbe New Orleans Railway & Light Company sued to expropriate tbe land in contest, impleading as defendants the present plaintiffs and defendants. Tbe expropriation suit was allotted to division D of tbe civil district court. See N. O. Ry. & Light Co. v. Lavergne et al., 138 La. 949, 70 South. 921. The plaintiffs in tbe present suit thereupon obtained an order from the judge of division B transferring this case to division D of tbe civil district court. On motion of defendants’ counsel the order transferring the case was rescinded by the judge of division B, and be retained jurisdiction. Thereafter tbe plaintiffs filed a supplemental petition attacking the validity of a deed by tbe state auditor to tbe defendants alleging various grounds of nullity.
Reserving expressly their pleas and exceptions to tbe original petition, tbe defendants filed tbe following exceptions to the supplemental petition in one document, viz.:
“(1) That this honorable court, and this division thereof, has no jurisdiction to hear and determine this cause, if any cause of action the plaintiffs have, which' is denied, for the reason that the succession of Nicholas Lavergne et al., No. 92924 of the docket of this honorable court, division A thereof, is under administration in that division (A), and any cause of action which the plaintiffs may have, which is denied, would be under the jurisdiction of that division, in said succession.
“(2) That the parties plaintiffs herein alleging themselves to be heirs do. not trace their heirship in their original petition, nor in their supplemental petition, with particularity, setting forth with certainty whose heirs they are, and from whom they are descended; and ex-ceptors aver that the said plaintiffs are not the legal, genuine heirs of the said Nicholas Lavergne, Jr., and Jean Lavergne, whose successions are under administration in division A of this honorable court aforesaid.
“(3) That, even if the plaintiffs are the legitimate descendants of Jean Lavergne and Nicholas Lavergne, Jr., which is denied, neither *920 they nor their ancestors accepted their succession within 30 years, and at the date of the filing of this suit they were barred by the prescription of 30 years from so doing.
“(4) That the said petition and the supplemental petition do not disclose a cause of action.
“(5) That exceptors purchased the property described in said petition from the state of Louisiana, which had previously become the owner thereof by several tax adjudications made in the names of the recorded owners, and had their said tax titles to the said property quieted and confirmed contradictorily with all of the owners thereof prior to said tax sales to the state of Louisiana, in pursuance of the provisions of Act 101 of 1898, in the suit entitled ‘Willis J. Roussel v. Nixon and Others,’ No. 86935 of the docket of the civil district court for the parish of Orleans, division O, which judgment constitutes res adjudieata of all the matters and things urged herein and is pleaded as such.”
The plaintiffs then filed a motion to have the proceedings stayed in this case for a reasonable time, to await the trial and decision of the expropriation suit pending in division D of the civil district court. The plaintiffs also filed a motion asking that this case be transferred to division A of the civil district court, in which division the succession of Nicholas Lavergne was opened, as had been suggested in the defendants’ first plea or exception to the supplemental petition. The plaintiffs filed also a motion to have the defendant’s exceptions ordered to stand as an answer to the petitions. And, in response to the defendants’ plea of res judicata, the plaintiffs filed a plea suggesting that to maintain the plea of res judicata would deprive them of their property without due process of law, in violation of the Fourteenth Amendment of the federal Constitution and the second article of the state Constitution. The plaintiffs finally filed a plea of estoppel, alleging that the defendants were by their alleged acts and conduct in another suit estopped from asserting ownership of the land claimed by the plaintiffs.
All of the foregoing exceptions and pleas and counterpleas were tried and argued and submitted together; and the court rendered judgment on them as follows:
The plaintiffs’ motion to have the case transferred to division A of the civil district court, their motion to have the defendants’ exceptions ordered to stand and be treated as an answer, their constitutional objections to the defendants’ plea of res judicata, and their plea of estoppel were all overruled and denied. The concluding paragraph of the judgment is as follows, viz.:
“It is further ordered, adjudged, and decreed that each and every one of the exceptions filed herein by the defendants to the original and supplemental and amended petitions be, and the same are hereby, maintained, and plaintiffs’ suit, is dismissed at their cost.”
[ 3] The plaintiffs appealed, and filed pleadings in this court, alleging that they acquiesced in the judgment in so far as it had maintained the defendants’ plea to the jurisdiction. of the judge presiding in division B of the civil district court; and they prayed that the judge of that division be held to have divested himself of jurisdiction to render judgment on any of the other pleas or exceptions.
In a supplemental brief defendants’ counsel attempt to construe the judgment appealed from as having overruled their plea to the jurisdiction of division B of the civil district court, because the plaintiffs’ motion to have the case transferred from division B to division A was expressly denied; and they argue “that the court could not in one breath maintain its jurisdiction and deny its jurisdiction.” That argument merely emphasizes the anomaly that is presented. As a matter of fact, after having denied the plaintiffs’ motion to have the case transferred to another division of the court, the judge maintained the defendants’ plea to his jurisdiction, and then proceeded to render a judgment maintaining all of the defendants’ other pleas and exceptions. The decree in such comprehensive terms “that each and every *922 one of the exceptions filed herein by the defendants to the original and supplemental and amended petitions be and the same are hereby maintained, and that plaintiffs’ suit be dismissed at their cost,” cannot be construed as overruling any one of the defendants’ exceptions.
Defendants’ counsel contend further that their first exception to the original petition and the corresponding exception to the supplemental petition were not intended as pleas to the jurisdiction of the judge presiding in ■division B of the civil district court, but were intended to be, and were in fact, exceptions to the plaintiffs’ right to proceed individually instead of through the administrator of the succession of Nicholas Lavergne ■et al. on the docket of division A of the court. That may be true as to the first exception to the original petition; but the first exception to the supplemental petition is in plain terms a plea to the jurisdiction of the judge presiding in division B on the ground that, if the plaintiffs have a cause of action, it is under the jurisdiction of the judge presiding in division A of the civil district court.
The final decree appealed from did not in terms reject the plaintiffs’ demands, but merely dismissed their suit at their cost. The appellants do not object to the judgment being affirmed as one of nonsuit for want ■of jurisdiction on the part of the judge below to render any other judgment.
We are not called upon to pass upon the ■correctness of the judgment in so far as it maintains the defendants’ plea to the jurisdiction of the judge who rendered it to render any other judgment, since the plaintiffs have acquiesced in that judgment, and the •defendants are not in a position to question its correctness. Having maintained the defendants’ plea to his jurisdiction, the judge was without authority to render judgment on any other pleas or exceptions in the case.
The judgment appealed from is affirmed in so far as it maintains the defendants’ plea to the jurisdiction of the judge presiding in division B of the civil district court, and dismisses the plaintiffs’ suit at their cost, as in case of nonsuit, and it is annulled in all other respects. The costs of appeal are to be paid- by the defendants, appellees.