(76 South. 701)

No. 22697.

STATE v. VENSON.

(Oct. 29, 1917.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⟨⟩1090(7)—APPEAL—BILL OF EXCEPTIONS—NECESSITY.

The denial of a continuance cannot be reviewed, where no bill of exception was reserved to the ruling.

2. CRIMINAL LAW ⟨⟩338(4, 5), 419, 420(2) — EVIDENCE—HEARSAY—EX PARTE TRANSACTIONS.

On the issue of whether the place of a homicide was within a parish, a witness testified that it was at the junction of a railroad with a spur, whereupon another witness was allowed to testify that the first witness had pointed out a place to him, that the place pointed out was at the junction of the railroad with the spur, and that this place was within the parish. *Held*, that the evidence that the first witness had pointed out a place to the second witness was not hearsay, since the fact that the place was pointed out was within the knowledge of the second witness, and while this testimony was ex parte in the sense that accused was not present and did not participate in the transaction, this did not make it inadmissible.

3. CRIMINAL LAW ⟨⟩346—EVIDENCE—RELEVANCY—VENUE.

Such testimony was relevant, as it went to explain how the witness came to be acquainted with the place concerning which he testified, and the object in offering it was not to show that the crime was committed at such place, the testimony having been carefully confined to the naked fact of a place having been pointed out to the witness, and of this place having been where the railroad and the spur joined.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Frank Venson was convicted of manslaughter, and he appeals. Affirmed.

P. L. Ferguson, of De Ridder, for appellant. A. V. Coco, Atty. Gen., J. Sheldon Toomer, Dist. Atty., and W. B. White, Asst. Dist. Atty., both of Lake Charles (Vernon A. Coco, Asst. Atty. Gen., of counsel), for the State.

PROVOSTY, J. Accused was tried for murder, convicted of manslaughter, and has appealed.

No appearance has been made in this court in his behalf.

[1] A motion made by him for a continuance on the ground of an absent witness was denied; but no bill of exception was reserved to the ruling, and hence same cannot be reviewed by this court. State v. Frazier, 43 La. Ann. 917, 9 South. 926; State v. Brodden, 47 La. Ann. 376, 16 South. 874; State v. Mayfield,

104 La. 179, 28 South. 997; Marr Crim. Juris. § 598; State v. Albert, 109 La. 209, 33 South. 196.

[2, 3] One of the issues being as to whether the place of the homicide was within the limits of the parish of Beauregard, and therefore within the territorial jurisdiction of the court, and a witness having testified that this place was at the junction of the railroad with the spur, another witness was allowed to testify that this same witness had pointed out a place to him, and that the place thus pointed out was at the junction of the railroad with the spur, and that this place was 7,500 feet within the parish line.

To that part of this testimony to the effect that the other witness had pointed out a place, objection was made on the grounds that it was hearsay and ex parte; and the objection was overruled.

It was not hearsay; for the fact of a place having been pointed out to the witness was one within his own knowledge. State v. Taylor, 45 La. Ann. 606, 12 South. 927. It was no doubt ex parte, in the sense that the accused was not present and did not participate in the transaction; but this did not make it inadmissible. No objection was made on the ground of relevancy, and if made would not have been well founded, since this testimony had some relevancy, in that it went to explain how the witness came to be acquainted with this place, relatively to which he was being called upon to testify. The object in offering it was not to show that the crime had been committed at that place, and it had no tendency so to show.

If, instead of being merely that a place had been pointed out, it had been that a place had been pointed out as being the scene of the homicide, it would have tended to show that the place thus pointed out had been the scene of the homicide, and in that respect would have been objectionable; but it was (apparently with studious and discriminating care) confined to the naked fact of a place having been pointed out, and of this place having been that where the railroad and the spur joined, with nothing said as to this place being the one where the killing had occurred.

Judgment affirmed.