DAWKINS, J.
February 12, 1913, plaintiff instituted this petitory action, but did not fi-Jg notice of lis pendens, as provided by Act *703 No. 22 of 1904. Defendant denied plaintiff’s, claims, set up title in itself, and called its vendor in warranty. Thereafter, on June 6, 1914, the property was sold under foreclosure of a mortgage against defendant, and bought in by the Gheens Realty Company, another corporation. The present case lay dormant on the docket of the lower court for about five years, and on October 14,1918, defendant ruled the plaintiff to show cause why the suit should not be dismissed for the reason, as it alleged, it had been divested of all interest in the property, including possession, by foreclosure. About the sam'e time, and following this disclaimer of interest, plaintiff moved for judgment on the face of the pleadings; the rule of defendant was tried, and the suit dismissed, for the reason, as stated by the lower court in its written opinion, that the defendant was no longer in possession. Plaintiff contended that the particular property in dispute had not been included in the foreclosure proceedings, but the court held that this made no difference since it was conceded that it had passed from the possession of defendant into that of the purchaser at the foreclosure sale. The suit was dismissed, and plaintiff appeals.
Opinion.
[1 ] Prior to the passage, of Act No. 22 of 1904, every one was charged with notice of the pendency of a suit affecting real property, and a purchaser after its filing acquired subject to the result of such litigation, though not actually a party thereto. Such a sale was considered as the sale of the property of another and void, as to the successful litigant. R. C. C. 2453, Lacassagne v. Chapuis, 144 U. S. 119, 12 Sup. Ct. 659, 36 L. Ed. 368. However, this act (No. 22 of 1904), while not an express amendment of that article of the Code, had the effect of making the latter inoperative, except in those cases where the act was complied with. It reads:
“An act respecting notice of pendency of action in regard to immovable property, and providing for the registration of such notice.
“Section 1. Be it enacted,” etc., “that, on and after January 1, 1905, the pendency of an action in any court, state or federal, in the state of Louisiana, affecting the title, or asserting a mortgage or lien upon immovable property, shall not be considered or construed as notice to third persons not parties to such suit [italics ours], unless a notice of pendency of such action shall have been made, filed or registered, in compliance with this act.
“Sec. 2. Be it further enacted, etc., that the notice above referred to shall be in writing, signed by the plaintiff or his attorney, stating the name of the court in which the suit has been filed, the title and number of the suit, date of filing same, th.e object of the suit and the description of the property sought to be affected thereby; and said notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and shall have effect from the date of filing.”
Section 3 provides for the cancellation of the notice from the record at plaintiff’s expense, if unsuccessful, and section 4 repeals all laws in conflict with the act.
The undoubted purpose of this law was to protect purchasers of real property which might be involved in litigation, and to relieve them! of the former effects, except when the notice was recorded. But for its plain language and purpose, that the pendency of such litigation “shall not be considered or construed as notice to third persons not parties to such suit,” it might be argued that purchasers from a defendant could be said to be parties privy to the title litigated with him and bound by the judgment; but we think nothing is left for interpretation, and the act must be enforced as written. Roussel v. N. O. Realty Co., 137 La. 625, 69 South. 27. Formerly, the Code expressly subjected such purchasers to the results of the litigation, but the statute has clearly limited it to those cases where notice has been recorded in compliance therewith.
*705 It follows that this suit, in its present state, could serve no useful purpose, since it would not bind the purchaser of the property ; but we do not find it necessary to go as far as did the lower court in holding that a defendant against whom a petitory action is once brought should continue to remain in possession to the end of the litigation. If this were true, a defendant could, at any stage of the case, abate the same by merely moving off the property and allowing some one else to go into possession. We prefer to decide the ease squarely upon the effects of the act of 1904, and the showing that a third purchaser, under the statute, is now shown to be in possession claiming as owner.
[2] Plaintiff conceded that this suit would be of no effect, in settling the question of title, save as to costs and as preserving her right to claim rents and revenues of defendant for the possession of the property prior to the sale. However, all of their rights can be determined and the title settled at the same time, either by making the present possessor and claimant party to this suit, or by consolidating the suit, which it is said in the briefs has already been filed against, said purchaser, with the present one, and the filing of notice of lis pendens as required by the law. We do not 'believe that the defendant has the right, either by a voluntary sale, or by permitting the property to be sold under foreclosure, to be dismissed from the suit.
For the reasons assigned, the judgment appealed from is set aside, and this case is remanded, with leave to plaintiff to make the present possessor and claimant a party defendant, or to have the cause pending against it consolidated herewith, all within 30 days from the finality of this decree; and, in default thereof, that this suit be dismissed by the lower court as in case of non-suit; defendant to pay costs of this appeal, all other costs to await final judgment.