## LOUISIANA HIGHWAY COMMISSION v. HANEY.

### No. 4964.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 9, 1935.

J. Elton Huckabay, of Baton Rouge, for appellant.

Vinson M. Mouser, of Columbia, for appellee.

MILLS, Judge.

In this expropriation proceeding, brought by the state of Louisiana, through its highway commission, the value of .27 of an acre of land and improvements, taken out of a tract of .31 of an acre, is fixed at $1,200. The property is desired as an approach to a new bridge spanning the Ouachita river at Columbia, in Caldwell parish.

From this verdict and judgment plaintiff has appealed. It is admitted that the only issue is that of value.

The land in question is in one of two tracts of about equal size, purchased by plaintiff in 1931 for a consideration of $300. The tracts are opposite each other and abut on the paved highway, then in course of construction, leading to the old bridge. Because of its more favorable location on the right-hand side of the highway leaving town, defendant's husband constructed and operated a filling station on the east tract, which is not affected by this proceeding. The road runs north and south, the town being to the south of the location involved. The construction of the new bridge necessitated a change in the approach. At a point about 250 feet north of defendant's land the new road diverges gradually to the west, leaving the filling station and the east tract stranded off the new main highway. The new right of way passes through the west tract, taking all of it except a triangular strip 28 by 154 feet on the bank, containing .04 of an acre. Because of its size and shape and deep bar pits, this strip is not of practical value for commercial uses. On the tract to be taken is a shed, garage, and small dwelling. There is not much difference of opinion as to the value of these improvements. We have no difficulty in fixing it at $225. As the verdict of the jury was in a lump sum, we cannot ascertain their assessment of the improvements.

The serious dispute is as to the value of the land which lies 3 or 4 feet below the level of the highway, and, together with the surrounding acreage, subject to overflow. It is within the corporate limits of the town of Columbia, but a quarter of a mile and across the river from the main business center. Defendant's husband says that, of the $300 paid for the two in contemplation of the erection of the highway, he considers the west tract, because of shade trees upon it, to have been

worth $200 of this consideration. It is not shown that there has been any material general increase in the value of property in the vicinity since its purchase. Before the proposed change in the highway it was not particularly valuable as a filling station site, being on the wrong side of the road. Those favoring a high valuation clearly base their estimate upon the availability of this location for a filling station after the change in the road. They overlook the fact that the change which they rely upon as increasing the value of the property necessarily appropriates it to public use and completely destroys it for commercial purposes. Also is overlooked article 2633 of our Civil Code, which provides: "In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work."

This article has been construed to mean: "The value has to be computed as of the day when, the line of the railroad having been definitely located, and the need for the land having actually arisen, the expropriating company demands to have it and offers to make payment, leaving out of the computation, however, any increase in value resulting from the proposed improvement." Opelousas, G. & N. E. Ry. Co. v. St. Landry Cotton Oil Co., 118 La. 290, 42 So. 940; Louisiana Ry. & Nav. Co. v. Xavier Realty Co., 115 La. 338, 39 So. 1; Shreveport & R. R. Val. Ry. Co. v. Hinds, 50 La. Ann. 781, 24 So. 287.

■ The tract taken on the west side of the road had no value for a filling station independent of the change in the location of the main road. After such change it would only be valuable for such a purpose because that change eliminates the existing and adjacent filling stations of defendant and Meggs. This same change, which makes the property taken valuable, of necessity destroys it, as it is almost wholly absorbed by the highway.

Therefore, under the article of the Civil Code and the decisions construing it, not only should any increase in value resulting from the proposed improvement be ignored, as a matter of law, in fixing the value, but as a matter of fact also there could be no such increase.

■ The rule as to value is thus well stated in the case of Louisville & Nashville Ry. Co. v. R. E. E. De Montluzin Co., Inc., 166 La. 211, 116 So. 854, 855: "It is well settled that the criterion of value is the market value of the property at the date of the institution of the expropriation suit, in view of any use to which it may be applied and of all the uses to which it is adapted. * * * The market value means the fair value of the property between one who wants to purchase and one who wants to sell, under usual and ordinary circumstances. Market value does not mean speculative value."

■ We heartily approve of the rule that appellate courts should, with great reluctance, set aside or amend awards of juries of freeholders in expropriation suits. Being taken from the vicinage and themselves landowners acquainted with the character of the land, they are to that extent experts as to its value. La. Highway Comm. v. Giaccone, 19 La. 446, 140 So. 286; New Orleans & G. Ry. Co. v. Frank, 39 La. Ann. 707, 2 So. 310.

But, where such a verdict is manifestly excessive, it is the duty of the appellate court to reduce it. New Orleans Ry. & Light Co. v. Lavergne, 138 La. 949, 70 So. 921.

■ Plaintiff offers five witnesses, including a state engineer for the highway department, the mayor of Columbia, who has dealt largely in lands for 35 years, the head of the right of way department of the highway commission, the parish engineer of Caldwell parish and former mayor of Columbia, himself a dealer in and owner of lands, the former parish assessor, and the vice president and cashier of the local bank, who is familiar with the value of lands. The average estimate of these well-qualified witnesses approximately is, as to the land value, $250; as to the improvements, $150.

Defendant offers six witnesses, two of whom are unable to fix any value as to the land. The four who do are her husband, two members of the school board, and a school bus driver staying on the property. None of them qualify by experience or training as experts in land values. These witnesses put an approximate average value of $240 on the buildings and $1,200 on the land. We do not think their testimony, though honest, is entitled to the same weight as that of those for plaintiff. We are satisfied that it was not given with a proper understanding of the rule to be followed. For instance, the husband says that he has never had a definite offer for the property, but that he "wouldn't take $1,500.00 for the naked land because I need it."

The school bus driver, who owns no land, says, "If it was mine I would want about $1,200.00 for it."

One school board member says that, if he could put it to a certain use, without specifying what, he would give $1,000 for the land, but that using it as does the present owner he would not give over $500. The other says, "If it was mine I wouldn't take less than $1250.00 for it. * * *"

Defendant relies much upon the fact that the highway commission paid W. L. Meggs, amicably, $4,500 for about two and one-half or three times as much property adjacent to that in question and similarly situated. Of this, $2,500 was for a filling station and the $2,000 remaining covers, not only the land, but also damages for the destruction of his going business.

With due respect for their finding, in view of the above testimony, we conclude that the jury's verdict of $1,200 for the land and improvements is manifestly excessive. We are satisfied that in arriving at it they wrongfully took into consideration other things than the actual present value of the land, there being no claim for damages. We are of the opinion that a fair valuation, liberally arrived at under the legal rules of assessment in such cases, is $225 for the improvements and $575 for the land.

The judgment appealed from is accordingly amended by reducing it in amount from $1,200 to $800, and, as thus amended, is affirmed.