480 So.2d 323 (1985)
TRANSWORLD DRILLING COMPANY
v.
TEXAS GENERAL PETROLEUM CORPORATION, et al. (Two Cases.)
Nos. C 4594, CA-4616.
Court of Appeal of Louisiana, Fourth Circuit.
November 15, 1985.
Writ Denied December 4, 1985.
Deutsch, Kerrigan & Stiles, Daniel A. Smith, New Orleans, for plaintiff-respondent-appellee.
Gordon, Arata, McCollam, Stuart & Duplantis, Blake G. Arata, Guy E. Wall, Wade P. Webster, New Orleans, for intervenors-relators-appellants.
Before SCHOTT, GARRISON and BYRNES, JJ.
SCHOTT, Judge.
We granted certiorari on the application of Strata Energy, Inc., NRM Petroleum Corporation and Natural Resource Management Corporation, sometimes referred to herein as "intervenors," in order to consider the validity of a judgment denying them an injunction to halt the judicial sale of a one-half interest in a mineral lease, State Lease 10090, owned by Natural Resource Management. From the same judgment *324 intervenors perfected an appeal which has been consolidated with this writ of certiorari. Plaintiff, Transworld Drilling Company, brought their suit against defendant, Texas General Petroleum Corporation, and others to enforce an oil well lien on State Lease 10090. In connection therewith Transworld filed a notice of lis pendens in the public records. Prior to the filing of the suit Texas General assigned to Strata a one-half interest in the lease. However, approval of the assignment was not obtained from the State Mineral Board and recordation of the transfer in the public records did not take place until after the lis pendens was recorded. Thereafter, pursuant to a confession of judgment by Texas General, Transworld took a judgment which recognized the lien on the lease and Transworld commenced execution of the judgment. The issues are whether Strata and the other intervenors who are assignees of Strata were entitled to notice from Transworld before it proceeded to enforce its lien and whether the judgment was a nullity because of fraud or ill practice against intervenors consisting of the parties' cooperation in allowing the taking of the judgment without notice to intervenors.
In March, 1982 Texas General assigned to Strata a one-half interest in the mineral lease it had taken from the State of Louisiana. LSA-R.S. 30:128 provides: "No transfer or assignment in relation to any lease [on lands belonging to the state] shall be valid unless approved by the State Mineral Board." This approval was obtained in September and the assignment was recorded in the public records in October. In the meantime, on June 29, Transworld filed its suit against Texas General to enforce an oil well lien on the lease and a few days later filed in the public records a notice of the pendency of the action (lis pendens) pursuant to C.C.P.Arts. 3751 and 3752. In 1983 Texas General filed for re-organization under Chapter 11 of the United States Bankruptcy Act. In February, 1985 pursuant to an order of the Bankruptcy Court, Texas General confessed judgment in favor of Transworld recognizing its lien on the lease. The Bankruptcy Court also authorized Transworld to proceed with execution against the lease in these proceedings. In June, 1985 Transworld took its judgment against Texas General and on August 5, obtained a writ of seizure and sale as to State Lease 10090 prompting the intervention by Strata and its assignees.
In this court intervenors assign the following errors in the trial court's refusal to enjoin the seizure and sale.
"1. The District Court erred in holding that the due process requirement of notice and opportunity for a hearing under the Fourteenth Amendment of the United States Constitution was satisfied by the recordation of Lis Pendens.
"2. The district court erred in holding that the judgment in favor of Transworld was not null because of fraud or ill practice where Texas General confessed a judgment against property it no longer owned, and for which judgment could only be enforced in rem against the property owned by Natural Resource Management."
In support of their first assignment intervenors cite a number of United States Supreme Court cases which held that constructive notice, i.e., notice by publication, was insufficient to deprive record owners of or claimants to property of their rights in the subject property. However when Transworld commenced action against Texas General, intervenors had no interest in the lease and would not obtain one until after the suit was filed and the lis pendens was recorded. This is so because R.S. 30:128 flatly provides that an assignment like this one is not valid unless approved by the State Mineral Board. Thus, the next question is what effect did the recordation of the lis pendens have on third parties who take interest in property which is the subject of the lis pendens.
The purpose of notice of lis pendens is to give effective notice to third persons of pending litigation affecting title to real property. C.C.P.Art. 3751; Dane v. *325 Doucet Bros. Const. Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981). A third person who buys property or takes an assignment of it as in this case from the defendant against whom the lis pendens was recorded takes it subject to the claim against it. Intervenors could not in the face of the recorded lis pendens acquire greater rights than Texas General had. See Roussel v. Railways Realty Company, 137 La. 616, 69 So. 27 (1915); Mohawk Oil Company v. Layne, 270 Fed. 841 (W.D.La., 1921). Before Strata completed the assignment by securing approval of the Mineral Board it could protect itself by the simple expedient of ordering a mortgage certificate. Any loss it may have suffered resulted either from premature payment of consideration before the assignment was made valid or from the failure to order a mortgage certificate prior to payment after Board approval was given. Such loss could not be the result of a failure of due process protection for Strata.
Intervenors' second assignment error is likewise predicated on the erroneous theory that the "assignment" of March, 1982 conferred some right on Strata in the litigation subsequently launched by Transworld against Texas General. In view of our holding that this assignment did not come into being until September when the Mineral Board approved the assignment pursuant to R.S. 30:128 Strata was a stranger and a third party when the suit was filed in June. Irrespective of the Chapter 11 proceedings, the Bankruptcy Court, or the long delay until Transworld took its judgment pursuant to Texas General's confession Strata and its assigness remained outsiders to this litigation. They were on full notice of the pendency of the suit as a result of the notice of lis pendens and could take whatever action they deemed necessary or desirable for the protection of their interests; but Transworld's suit was against Texas General and it alone had the right and capacity to consent to the judgment. Intervenors have no standing to launch a collateral attack on the judgment.
Neither do we find Transworld's action in securing a confession of judgment from Texas General to be a fraud or ill practice against intervenors. By filing the notice of lis pendens in accordance with C.C.P.Art. 3751 and 3752 Transworld fully discharged its duty to third parties like intervenors and Transworld was free to pursue the litigation against Texas General without further regard to such third parties.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.