490 So.2d 1135 (1986)
AMOCO PRODUCTION COMPANY
v.
COLUMBIA GAS TRANSMISSION CORPORATION
v.
TRENDWOOD FOUNDATION, INC., et al.
No. CA 4805.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Writ Denied October 3, 1986.
*1136 Gene W. Lafitte, George J. Domas, Joe B. Norman, Appeal Counsel, Robert H. Frick, Robert C. Smith, Frederick T. Kolb, Jackson M. Cooley, New Orleans, for plaintiff-appellee.
Frank J. Peragine, Thomas R. Blum, James A. Burton, Thomas J. Fischer, New Orleans, and Giles D.H. Snyder, Glen L. Kettering, Jo Ellen Diehl Yeary, Charleston, W.Va., for defendant-appellee.
Frederick W. Ellis, William S. Strain, James C. Bates, Charles C. St. Dizier, Baton Rouge, for intervenors-appellants.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
SCHOTT, Judge.
In this appeal, intervenors seek to have a partial summary judgment in favor of plaintiff against defendant "corrected on appeal, so as to reflect that it should have been rendered in favor of intervenors as well in favor of the Plaintiff." In a companion case (490 So.2d 1138) intervenors also appeal from an order dismissing the principal demand on joint motion of plaintiff and defendant.
This suit was filed by Amoco Production Company, plaintiff, against Columbia Gas Transmission Company, defendant, to enforce a gas purchase contract between the parties. Intervenors, plaintiff's mineral lessors, intervened against both parties seeking enforcement of the contract as well as an accounting by plaintiff for royalties due them under the lease. Both plaintiff and defendant responded to the petition of intervention with exceptions of no right of action which were sustained by the trial court. On appeal this judgment was reversed by this court, the exceptions were overruled, and the case was remanded to the trial court. Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), writs refused, 459 So.2d 542, 543 (La.1984).
Following discovery, on May 6, 1985 intervenors filed a motion for partial summary judgment against defendant, Columbia, in which they sought a declaration that Columbia breached its gas purchase contract with plaintiff, that its defenses and counter-claims were invalid, and that it owed intervenors an accounting for amounts due under the "take-or-pay" provisions of the contract between plaintiff and defendant. On May 23, Amoco filed a motion for partial summary judgment against defendant, Columbia, seeking a declaration that the "take-or-pay" provisions of the contract between them were enforceable. On June 19, intervenors filed a memorandum in response to Amoco's motion for partial summary judmgment in which they asserted that their sole objection to the Amoco motion was that it sought judgment *1137 only in its own favor and not in favor of intervenors as well.
On June 28 the trial court granted Amoco's motion for partial summary judgment against defendant declaring the gas purchase contract to be valid and enforceable including the pricing and the take-or-pay provisions. From this judgment intervenors took the present appeal on July 19 to have it "corrected" by naming them as obligees under the judgment. On July 30 defendant, Columbia, also appealed from the judgment. However, on January 15, 1986 Columbia's appeal was dismissed by this court on joint motion of plaintiff and defendant in which they stated that they had compromised all issues between themselves but recognized that intervenors' appeal would not be affected by their motion. On the same day, January 15, plaintiff and defendant obtained an order dismissing their suit in the trial court on their joint motion in which they recited that all claims between them had been compromised. From this judgment of dismissal intervenors have also appealed. The two appeals were consolidated for purpose of argument but a separate judgment relating solely to the second appeal will also be rendered.
Intervenors first argument, that the June 28 judgment should be "corrected" to include them as obligees, is based on action taken by the trial court on August 13, 1985 when their May 6, 1985 motion for partial summary judgment against Columbia was denied by the trial court. After declaring that intervenors' motion was denied the court gave the following reason:
".... the granting of the Motion for Summary Judgment of Amoco on June 28, 1985 of necessity required that same be in favor of Amoco and the intervenors, and therefore the intervenors' Motion for Summary Judgment is moot...."
Regardless of the trial court's intentions, the only effect of the August judgment was to deny intervenor's motion for partial summary judgment. Everything else amounted to reasons for the particular judgment then being rendered, namely the denial of intervenors' motion. These reasons cannot be construed as an amendment of the court's previous disposition of plaintiff's partial summary judgment against defendant because that judgment was no longer subject to the trial court's jurisdiction having been appealed from by defendant as well as intervenors. LSA-C.C.P. Art. 2088.
Next, intervenors argue that the previous judgment of this court, 455 So.2d 1260, entitles them to the relief they seek in this appeal. The only question previously before this court was whether or not the intervenors had a right of action to intervene. The court simply held that they had a sufficient interest in the suit between plaintiff and defendant to provide them with standing to intervene; but the court was careful to avoid any suggestion that intervenors could, should, or would prevail on the merits of their claim. The court stated:
"As noted earlier, we do not comment on the merits of these various assertions [participation in the take-or-pay provisions of the gas purchase contract and seeking enforcement of the contract to intervenors' advantage], nor do we comment on the merits of [intervenors'] argument that they are third party beneficiaries of the Morganza Contract. These are questions to be decided at the trial on the merits ..." 455 So.2d at 1265.
Nothing in this language or in the rest of the opinion gives intervenors the right to attach themselves to the judgment in favor of plaintiff. On the contrary, the court made it clear that intervenors would have to prove entitlement to participate in the take-or-pay provisions and to enforce the contract to their advantage as against defendant, Columbia. Intervenors would have to prove some basis, such as the theory of third party beneficiaries, to enforce a contract to which they are not expressed parties and against a party with whom they had no expressed privity. By virtue of the previous decision they have standing in this case to make these assertions but the court did not hold that their assertions were necessarily *1138 correct. Before they can obtain such an adjudication from the court they must first fully and finally obtain an adjudication of these issues in the trial court.
Intervenors argue that judicial economy and efficiency militate in favor of amending the judgment to include them as obligees. However, this presupposes that intervenors' position is identical to plaintiff's. As pointed out in the previous opinion of this court quoted above, intervenors' position is complicated by its lack of privity with defendant and its need to fall back on the third party beneficiary theory to be obligees under the contract and the judgment as well. Intervenors had filed their own motion for partial summary judgment which placed the issue of Columbia's liability to them before the trial court. When this motion was overruled intervenors had no right to take an appeal. C.C.P. Art. 968. Intervenors cannot do indirectly what they are expressly prohibited from doing directly. They cannot have the issue of their entitlement to relief against defendant, which was decided against them in the trial court, in an unappealable, interlocutory judgment, decided in an appeal taken from a judgment which never decided the issue.
Intervenors are not prejudiced by this ruling. They are entitled to go back to the trial court and try the case on the merits or even reurge their motion for summary judgment. If they prevail, as they claim they must, defendant can appeal and the issues between these parties, i.e. intervenors vis a vis defendant (not plaintiff vis a vis defendant), can be properly presented to the court. All that has been lost is time, but that loss is attributable to the trial court's dicta in the August 13 judgment and intervenors' erroneous conclusion that such dicta had the effect of changing a judgment already on appeal.
In conclusion, intervenors are not entitled to have themselves added as obligees in a judgment in plaintiff's favor against defendant because the relative positions between plaintiff and defendant on the one hand and intervernors and defendant on the other are different. This was made clear in our previous judgment and is reiterated herein. Accordingly, the first judgment appealed from is affirmed.
AFFIRMED.