517 So.2d 1262 (1987)
TRANSWORLD DRILLING COMPANY
v.
TEXAS GENERAL PETROLEUM COMPANY, et al.
No. CA 7449.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
John T. Keys, Metairie, for appellee.
Marcel Garsaud, Jr., Guy E. Wall, Gordon, Arata, McCollam, Stuart & Duplantis, New Orleans, for appellants.
*1263 Before KLEES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Petitioners appeal a judgment maintaining an exception of res judicata. Appellee reurges the exception in this court, and also urges an exception that, "The present partial appeal ... exhibits no cause or right of action." We overrule appellee's exceptions as urged in this court, reverse the judgment appealed, and remand the matter to the district court.
Although the issues raised by a plea of res judicata often address the merits of a claim, in this case resolution of the exception is a matter of procedure. As intervenors,[1] appellants initially filed a "Petition to Annul Judgment and for Injunctive Relief." Multiple amending and supplemental petitions were filed. By judgment dated October 3, 1985, the district court denied the issuance of a preliminary injunction. This court affirmed that denial. Transworld Drilling Company v. Texas General Petroleum Corporation, 480 So.2d 323 (La.App. 4th Cir.1985), writ denied, 481 So. 2d 134 (La.1985).
More recently, petitioners filed a "Third Supplemental and Amending Petition...." Appellee filed exceptions of lack of jurisdiction and res judicata. The exception of res judicata was based on an argument that the merits of petitioners' claims had been addressed and resolved on appeal by this court. In the memorandum in support of the exceptions counsel conceded, "Counsel for exceptors are perfectly aware that technically there has been no trial on the merits as such, and that the appellate scrutiny has been technically addressed only to your Honor's refusal to grant injunctive relief...."
A preliminary injunction is a procedural device interlocutory in nature designed to preserve the existing status pending a trial of the issues on the merits of the case. The principal demand is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit-issues. (This is subject to the exception that, where the parties have expressly agreed to submit the case for final decision at the hearing on the rule for the preliminary injunction, the ruling on the preliminary injunction may definitively dispose of the merit-issues. State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978)). Smith v. West Virginia Oil & Gas Company, 373 So.2d 488 (La.1979). The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties, no matter how thoroughly the merits have been treated, even by the court of appeal. Arbour v. Total CATV, Incorporated, 400 So.2d 1155 (La.App. 1st Cir.1981). See Dunn v. Sutton, 381 So.2d 1221 (La.1980), in which certiorari was granted and the case remanded to the trial court despite a thorough treatment of the merits both at trial and on appeal in Dunn v. Sutton, 378 So.2d 485 (La.App. 1st Cir.1979).
The parties did not agree to submit the case for final decision at the hearing on the rule for the preliminary injunction. The district court judgment rendered after that hearing and affirmed on appeal by this court addressed only the preliminary injunction. The district court erroneously considered the matter as res judicata. We, therefore, reverse the judgment maintaining that exception as filed in the district court, and for the reasons assigned we overrule that exception as filed in this court.
As to appellee's exception filed in this court that, "The present partial appeal ... exhibits no cause or right of action," we presume that appellee is objecting to the petition, not to the appeal. Further, we note that there is no exception of "no cause or right of action." Presuming that appellee wished to file an exception of no cause of action and an exception of no right of *1264 action we find that the petition states a cause of action and that the record before us does not support an exception of no right of action. Consequently, we overrule the remainder of appellee's exceptions filed in this court.
For the reasons assigned, we reverse the judgment appealed, we overrule the exceptions filed by appellee in this court, and we remand this matter to the district court for further proceedings.
JUDGMENT REVERSED; EXCEPTION OVERRULED; REMANDED.
NOTES
[1] The litigation relationship of the parties is set out in an earlier opinion of this court, Transworld Drilling Company v. Texas General Petroleum Corporation, 480 So.2d 323 (La.App. 4th Cir.1985), writ denied, 481 So.2d 134 (La.1985).