LOBRANO, Judge.
The issue for our determination is whether the trial court correctly dismissed the third party demand of Strata Energy, Inc. and NRM Petroleum Corp. (collectively referred to as Strata) against Marmid Energy Corp. (Marmid) on an exception styled “Improper Use of Demand against Third Party.”
This complex litigation has been before us on numerous occasions. The facts are succinctly set forth in Transworld v. Texas General Petroleum, Corp., 480 So.2d 323 (La.App. 4th Cir.1985), writ denied, 481 So.2d 134 (La.1985) and Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215 (La.App. 4th Cir.1988). For purposes of this opinion we summarize those facts which we deem pertinent.
In February of 1982 Texas General Petroleum (TGP) obtained a mineral lease from the State of Louisiana designated as State Lease 10090. In March of 1982 TGP assigned 50% interest in that lease to Strata. A joint operating agreement dated March 5, 1982 executed by the working interest owners designated TGP as the operator and set forth the obligations and duties of all the interest owners.
On June 15, 1982 TGP executed a collateral mortgage with Marine Midland Bank to secure a line of credit established with the bank. That mortgage encumbered, among other properties, State Lease 10090.
Transworld Drilling Co. (Transworld) contracted with TGP to provide drilling services. On June 19, 1982 Transworld sued TGP and others to recover the costs of those drilling services, and for recognition of its lien as a driller. Strata was not made a defendant in those proceedings.
In 1983 TGP filed for a Chapter 11 reorganization under the Bankruptcy Act in the Bankruptcy Court for the Southern District of Texas. This filing stayed the proceedings instituted by Transworld.
In July of 1984 an agreement was reached between TGP and the Midland Bank wherein the bank would credit $21,-000,000.00 dollars against TGP’s outstanding $48,000,000.00 dollar debt. In return, TGP assigned all of its interest in State Lease 10090 (and other assets) to Marmid (the bank’s nominee) subject to all the liens and claims which would prime the bank’s collateral mortgage. This assignment was made expressly subject to “... any operating agreements in force” relating to the properties assigned, including State Lease 10090. The bankruptcy court approved this agreement, and the assignment was executed on July 25, 1984.
In February of 1985, the bankruptcy court approved a confession of judgment by TGP in favor of Transworld and lifted the stay of Transworld’s suit. They subsequently obtained a judgment for $900,- *456 000.00 on August 5, 1985. That judgment also recognizes the lien and privilege against the state lease.
In an effort to annul the judgment and enjoin the seizure and sale of the state lease, Strata intervened in the proceedings on August 22,1985. They also filed a third party demand against Marmid asserting that as TGP’s assignee they had assumed all of the obligations of TGP including those flowing to Strata as a result of the operating agreement. Strata asserts that TGP, and now Marmid as its assignee, is responsible for certain obligations arising from the operating agreement, and that Strata is entitled to a lien on TGP’s interests as a result of that agreement. They also assert that they paid TGP their pro-rata share of the drilling costs as per the joint operating agreement but TGP failed to remit this to Trans-World.
On May 6, 1986 Marmid filed its exception styled “Improper Use of Demand against Third Party.” However, in January of 1987, before the exception was heard, Marmid moved for summary judgment. This Court reversed the trial court’s granting of a summary judgment and held that there were material issues of fact as to what, if any, obligations Marmid assumed as assignee of TGP and what obligations TGP may have had to Strata under the operating agreement. The matter was remanded to the trial court for further proceedings. Transworld Drilling v. Texas General Petroleum, 524 So.2d 215 (La.App. 4th Cir.1988).
On October 26,1988 the trial court granted Marmid’s exception of improper use of demand against third party, and dismissed Strata’s third party complaint. Strata now appeals that judgment.
Strata presents three arguments. First they argue that Marmid’s exception is, in reality, a dilatory exception of improper joinder of parties and has been impliedly waived. Second, they argue that, if there was no waiver, then their third party demand was proper and not violative of any procedural rule of law. And third they assert that the issues raised in this appeal have already been raised and disposed of in a previous decision of this court, thus the law of the case is controlling.
Marmid argues that since Strata is not a true defendant in the principal action they have improperly used the procedural device of a third party demand, citing Code of Civil Procedure Article 1111. Further they argue that they are not the warrantor or guarantor of Strata and because there is no demand by Transworld against Strata, they cannot assert a third party demand.
At the outset we note that Marmid’s exception is not among those specifically listed in the Code of Civil Procedure. Our Code is clear that only three types of exceptions are permitted. La.C.C.Pro. Art. 922. The declinatory exception which declines to the court’s jurisdiction, the dilatory exception which retards the progress of the action, but may result in its dismissal, and the peremptory exception which will defeat the action. La.C.C.Pro. Art. 923. However, the specific grounds for exceptions listed under each type are not exclusive. See, La.C.C.Pro. Arts. 925, 926 & 927. Thus, we must determine if there are sufficient legal grounds to dismiss Strata’s third party demand prior to trial.
Marmid argues that its exception is a peremptory one intended to defeat the third party demand and is therefore not waived by their previous summary judgment motion. And, contrary to Strata's argument, it is not a defense of “no cause of action.” Instead they urge that the basis for their exception is founded in Code of Civil Procedure Article 1111. That article provides, in part:
“The defendant in a principal action by petition may bring in any person, including a co-defendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
Marmid stresses two points. First, they assert Strata is not a true defendant since Transworld made no claim against them and second, that they are not Strata’s war-rantor nor are they liable for “all or part of the principal demand.” In support of these contentions they cite numerous cases which define the function of a third party de *457 mand. In particular they rely on Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94 (La.1980) wherein our Supreme Court stated:
“The jurisprudence interpreting this provision [Article 1111] has consistently observed that the third party demand is a device principally used for making claims of contribution or indemnity in the event that defendant is cast in judgment on the principal demand.” Id. at 95.
Although we agree with the above quoted language, we find it does not support Marmid’s position. The court in Union, supra, dismissed the third party demand on an exception of no cause of action. In the instant case we have already determined in a prior holding that a trial on the merits is necessary to determine the validity of Strata’s assertions. That holding makes it clear that a cause of action is stated. Transworld Drilling v. Texas General Petroleum, 524 So.2d 215 (La.App. 4th Cir.1988). In fact, Marmid does not seriously argue that the allegations fail to state a cause of action. And in an earlier ruling, we determined that Strata had a right of action to assert the allegations of the third party action. Transworld Drilling v. Texas General Petroleum, 517 So.2d 1262 (La.App. 4th Cir.1987), writ denied, 481 So.2d 134 (La.1985).
Under the facts and circumstances of this case, we find that the elements of Article 1111 have been satisfied.
First, for reasons unknown, Transworld failed to name Strata as a defendant in the foreclosure proceedings. Since Strata is a 50% owner of the lease Transworld seized, they certainly had a right to defend the claim made against TGP. And, by intervening in those proceedings, they united with the defendant (TGP) to resist the principal demand made by Transworld. See, La.C.C.P. Art. 1091. Despite Marmid’s argument to the contrary, a party is not precluded from intervening in a lawsuit simply because no claim has been made against him. If such were the case there would be no necessity for paragraph (2) of Article 1091.[1] The right to intervene requires the existence of a justiciable cause between the parties that is related or connected to the facts of the principal demand where a judgment on the principal demand will have a direct impact on the inter-venor’s rights. Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), writ denied, 459 So.2d 542, appeal after remand, 490 So.2d 1135, writ denied, 494 So.2d 327. Because of the assertions made with respect to their rights under the joint operating agreement, the judgment of Trans-world against TGP will certainly have a direct impact on Strata’s rights. They have a right to intervene.
Second, the third party demand alleges that Marmid by virtue of the assignment from TGP, assumed all of TGP’s obligations including the discharge of all claims for the work done by Transworld. Because of this agreement, Strata alleges that any responsibility flowing to them because of Transworld’s judgment must be assumed by Marmid. They also allege that because TGP breached its obligations under the agreement, they are entitled to recovery for any loss they may sustain as a result of Transworld’s lawsuit. And, of course, Marmid as TGP’s assignee, assumed those obligations. We emphasize that these are only allegations and must still be proved at the trial of this matter. However we conclude that the third party demand properly seeks indemnification from Marmid.
We therefore conclude that Strata had a right to defend, as an intervenor, Trans-world’s claim against TGP, and that they have a right to seek indemnification by way of a third party demand against Marmid.
For the reasons assigned, we reverse the trial court, and overrule Marmid’s exception. We remand for further proceedings.
REVERSED AND REMANDED.
SCHOTT, C.J., concurs with reasons.

. Paragraph (2) allows a party to unite with the defendant to resist the plaintiff’s demands.