ARMSTRONG, Judge.
Relator, Transworld Drilling Company, seeks supervisory review of the trial court’s ruling denying its Motion in Limine. Relator claims that this court, in its previous opinion,[1] limited the issues for trial on remand. We' disagree and, therefore, deny the writ.
*701 The record reflects that in 1981, Texas General Petroleum Corporation entered into a drilling contract with Transworld Drilling Company to perform drilling services on various properties, including Louisiana State Mineral Leases 9680, 9738, 9948, and 10090. Strata Energy, Inc. and NRM Petroleum Company, Strata’s successor in title to S.L. 10090, purchased working interests in several state mineral leases, including S.L. 9943 and 10090, which were not recorded until after performance of the drilling contract by Transworld. Also in that interim, Texas General failed to pay some of Transworld’s invoices, for which Transworld filed a lien, a suit to enforce its lien, and a notice of lis pendens. Several months later, Strata’s assignment as to S.L. 10090 was recorded, although its interest in S.L. 9943 remained unrecorded. Texas General and Transworld thereafter entered into a settlement agreement concerning the referenced litigation, in which Transworld released its lien rights against S.L. 9680, S.L. 9738, and S.L. 9943, while retaining its lien against S.L. 10090.
Texas General subsequently defaulted on its obligation under the settlement agreement and, on March 14, 1983 filed bankruptcy. Transworld had the automatic stay lifted. Judgment was rendered on June 10, 1985 recognizing Transworld’s lien. Strata and NRM, who failed to intervene in the routine foreclosure proceedings, filed an injunction to stay the seizure and sale of S.L. 10090. The trial court denied injunctive relief and was affirmed by this court in Transworld Drilling Co. v. Texas General Petroleum Corp., 480 So.2d 323 (La.App. 4th Cir.1985), writ den., 481 So.2d 134 (La.1985). Strata and NRM then pursued a nullity claim alleging fraud or ill practice under La.C.C.P. art. 2004. Since 1985 there have been six appeals to this court in this matter.
In the last appeal, this court concluded that certain factual issues existed on the issue of fraud and reversed the trial court’s summary judgment in favor of Transworld. The Fourth Circuit also reversed the trial court’s summary judgment against Strata and NRM in favor of Sheriff Wooten (named a defendant in Strata and NRM’s third supplemental and amending petition). And, finally, this court affirmed the trial court’s judgment denying the cross-motion for summary judgment brought by Strata and NRM. In its opinion at 604 So.2d 586, this court specified the factual issue considered in dispute and remanded for trial.
In this writ application, relator appears to suggest that this court, in its previous opinion, limited the trial on remand. On the contrary, a finding by this court that a factual issue existed which precluded summary judgment does not translate into an affirmation of summary judgment on all other issues. Rather, this court merely reversed the trial court’s granting of motions for summary judgment on behalf of Trans-world and Sheriff Wooten and affirmed the denial of summary judgment on behalf of Strata and NRM. Transworld Drilling v. Texas Gen. Res., 604 So.2d at 593. This court did not affirm summary judgment as to any issue in that opinion. No issue should thus be precluded from trial as a result of that opinion.
Accordingly, we deny the writ.

. Transworld v. Texas Gen. Res., 604 So.2d 586 (La.App. 4th Cir.1992).