I2LOBRANO, Judge.
In this action to nullify a default judgment, the Louisiana Patient’s Compensation Fund and the Louisiana Patient’s Compensation Fund Oversight Board, appeal the trial court judgment granting defendant, Zsa Zsa Dun-jee’s exception of partial no right of action, which dismissed their intervention. We reverse and remand.
On August 13,1993, Dunjee filed a medical malpractice action against Dr. Leonard Weather, Jr. Her petition was filed after a medical review panel rendered an opinion unfavorable to Dr. Weather. Dunjee entered a preliminary default on December 3, 1993. On April 21, 1994, a default judgment was confirmed and judgment was rendered in Dunjee’s favor in the amount of $500,000.00 plus costs .and interest.
Upon learning of the default judgment, Dr. Weather filed the instant nullity action on September 21, 1994 claiming that the default judgment rendered against him should be annulled because he had not been served and because of insufficient evidence submitted at the time of confirmation. On September 27, 1994, the Louisiana Patients’ Compensation Fund filed a petition to intervene. A supplemental and amending petition of intervention was later filed to include the | .-¡Louisiana Patients’ Compensation Fund Oversight Board. We refer to these two entities collectively as “PCF”.
In its intervention petition, PCF asserts that it is responsible for all judgments against a qualified health care provider in excess of $100,000.00 up to the statutory limit of $500,000.00, and therefore it has an interest in having the judgment against Dr: Weather annulled. Dunjee, defendant in this nullity action, filed an exception of partial no right and/or no cause of action asserting PCF could not contest liability and that the nullity action is personal only to Dr. Weather. The trial court maintained the exception and dismissed PCF’s intervention “on the issue of liability.” PCF appeals.
PCF first argues that Louisiana law does not recognize an exception of “partial no right of action.” Alternatively, PCF argues that, even assuming that the law recognizes such an exception, the trial court was wrong in concluding that it did not have a right to intervene in this nullity action. For the following reasons, we agree that PCF has a right to intervene in these proceedings.
Louisiana Code of Civil Procedure ■ article 1091 states as follows: '
*66 A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with. plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
The right to intervene requires the existence of a justiciable cause between the parties that is related or connected to the facts of the principal demand where a judgment on the principal demand will have a direct impact on the intervenor’s rights. Transworld Drilling Company v. Texas General Resources, Inc., |4 552 So.2d 454 (La.App. 4th Cir.1989), citing Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), writ denied, 459 So.2d 542, 543 (La.1984).
Under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq., the liability of a qualified health care provider is limited to $100,000.00. La. R.S. 40:1299.42(B)(2); Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So:2d 879. Damages in excess of $100,-000.00, but which do not exceed $500,000.00, shall be paid by the PCF. La. R.S. 40:1299.42(B)(3).
Dunjee argues that PCF’s right to intervene in the nullity action should be limited only to the amount in excess of $100,-000.00 and that PCF cannot question the liability of Dr. Weather. We disagree because Dunjee misconstrues the nature of these proceedings.
PCF is not appealing the default judgment. The liability of Dr. Weather and the amount of damages sustained by Dunjee are irrelevant. The issue is whether the default judgment was properly entered. Certainly, if the nullity action is dismissed on its merits, PCF will be adversely affected since it will be required to pay the amount in excess of $100,000.00. And, if the nullity action is successful and the subsequent trial of the malpractice claim results in a judgment of less than $100,000.00, or a dismissal of Dun-jee’s claim, PCF will pay nothing.
The only issue before us is whether PCF has a right to intervene; not whether it can participate in the malpractice suit, or the extent of that participation. The fact that PCF was not a party in the malpractice suit does not preclude it from intervening in the instant suit. See, Transworld Drilling Company, supra, at 457. Because the outcome of the nullity action will affect PCF substantially, it has a sufficient justiciable cause to intervene.
For the reasons assigned, the trial court judgment is reversed. This matter is remanded for further proceedings consistent with this opinion.
RRE'VERSED AND REMANDED.